### E. C. KELLEY v. THE STATE.

*No. 490. Decided October 29.*

1. **Burglary—Evidence—Extraneous Crimes.**—On a trial for burglary of the photograph gallery of one B., the State was permitted to prove, over defendant's objection, that on the same night, and in the same town, the photograph gallery of one C. was also burglarized, and that when defendant was arrested the stolen property taken from the two galleries of B. and C., and also a lens, which had recently been taken from a burglarized photograph gallery in another town, was found in defendant's valise. *Held*, that the evidence was competent and admissible as res gestæ, and as circumstances tending to show the motive and intent of defendant with regard to the crime for which he was on trial.

2. Same.—When an extraneous crime forms part of the res gestæ, evidence of it is not excluded by the fact that it is extraneous.

3. Explanation of Possession of Property Recently Stolen—Evidence Admissible to Contradict.—Defendant being on trial for the burglary of a photograph gallery, alleged to have been committed on the 27th of May, the State was allowed to prove, over his objection, that he was seen in a photograph gallery, in a distant city, on the 8th or 9th of March previous, and that on the night following that that photograph gallery was burglarized and a photograph lens was taken therefrom; that when defendant was arrested this lense was found, together with other property, in his valise. Defendant's explanation of his possession of said property, after his arrest, being that he had received all the property found in his valise from one Johnson. *Held*, that the evidence was competent and admissible to disprove his explanation of his possession.

4. Motion for New Trial—Controverting Same—Practice.—Where the facts set out in an affidavit attached to a motion for a new trial showed that the evidence was not newly discovered, as was manifest from the facts stated, it was not necessary that the prosecution should have filed a counter-affidavit, in order to authorize the court to hear oral evidence in relation to all the grounds set up in the motion for new trial. Where the State desires to controvert causes set up in the motion for new trial, the statute (Code of Criminal Procedure, article 781) does not require the filing of controverting affidavits, but provides that "the judge shall hear evidence by affidavit or otherwise."

APPEAL from the District Court of Eastland. Tried below before Hon. T. H. CONNOR.

Appellant was indicted for burglary at night, and theft, and upon trial was convicted and his punishment assessed at three years in the penitentiary. The evidence, in brief, shows, that not only the house mentioned in the indictment, viz., a photograph gallery, was burglarized at the time mentioned in the indictment, but that another photographic gallery, situated in the same town, was also burglarized the same night. It also disclosed that sometime previous a photographic gallery in Colorado City had also been burglarized, and that on the day of this last mentioned burglary defendant was in said gallery, inquiring about matters and things pertaining to the same, and that after said burglary, defendant had disappeared and not been seen in that city since. At the time of his arrest, there was found in the valise of defendant a photographic lens which had been taken from the Colorado City gallery at the time it was burglarized, together with other property belonging to both the galleries that had been burglarized on the same night at Cisco. Defendant testified in his own behalf, and on his examination by the prosecution he stated that he had once before been convicted for burglary and the theft of some photographic instruments, for which he had served a term in the penitentiary.

No brief on file for the appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE. — Appellant was convicted for burglary of the photograph gallery of one Bunnell, situated in the town of Cisco. The property taken therefrom consisted of one tube and four lenses. On the same night, in the same town, Casey's photograph gallery was burglarized, and from it was taken four lenses. A day or two subsequent to said burglaries, and about eighteen miles from Cisco, defendant was arrested for the burglary of Bunnell's house. In his valise was found all of the stolen property of Bunnell and Casey, as well as a lens which had recently been taken, by means of a burglary, from the photograph gallery of Hughes, in the town of Colorado. He disclaimed the ownership of the articles, and stated that he had received them from one Johnson, under a contract to convey them to Weatherford. On the trial he testified to the same fact. Defendant interposed objections to the admission of evidence in relation to the burglary of Casey's house, "because that other persons than Bunnell lost goods about the same time should not be admitted against him." This evidence was properly admitted. "When an extraneous crime forms part of the res gestæ, evidence of it is not excluded by the fact that it is extraneous." Whart. Crim. Ev., sec. 31. If the evidence tends to establish the res gestæ, or to prove a relative or competent fact or circumstance connecting defendant with the crime charged, or to explain the intent of defendant in his connection with the property he is charged with stealing, or to make out his guilt by circumstances, it is competent for the State to adduce evidence of such extraneous crimes. House v. The State, 16 Texas Ct. App., 25; Kelley v. The State, 18 Texas Ct. App., 262; Musgrove v. The State, 28 Texas Ct. App., 57; Nixon v. The State, ante, p. 205; Whart. Crim. Ev., sec. 31. The court did not err in admitting this evidence.

By Hughes it was proved that about the 9th of March his photograph gallery, in the town of Colorado, was burglarized, and a lens taken from it. The day preceding this burglary defendant was in Hughes' gallery, and made quite a number of inquiries concerning the business, in which conversation he avowed his ignorance of photography. The lens taken from this gallery was also found in defendant's possession when arrested. This testimony was objected to on the ground of irrelevancy. This objection is not well taken. It was competent, relevant, and pertinent to the issue, and was admissible as a fact going to disprove the reasonableness and probable truth of defendant's explanation of his possession of the alleged stolen property, and to controvert his statement that he obtained the goods found in his possession from Johnson. The defensive theory of the case was based upon the fact that defendant received the goods as bailee of Johnson. Any fact or circumstance that would prove, or tend to do so, that defendant had possession of any portion of the property

found in his possession, and claimed to have been received from Johnson, prior to the time that Johnson was or could have been in possession thereof, was relevant, and pertinent to the State's case, and was clearly admissible. Johnson was not seen in Colorado, and defendant was. This evidence tended strongly to disprove defendant's explanation of his possession of the stolen property. Defendant had been before convicted, and served a term in the penitentiary, for theft of photographic instruments.

The court did not err in refusing to instruct the jury to acquit defendant if Harris, the clerk of Bunnell, had the authority to enter the house burglarized, unless the State should negative consent on the part of Harris. Harris was not in possession, care, control, or management of the house, and it was not so alleged. If Harris gave consent to the entry, the defendant should have proved that fact.

The facts set out in the affidavit of Wells attached to the motion for a new trial is not newly discovered testimony. Defendant not only knew of the facts, but had procured the attendance of the witness at his trial, and had him placed under the rule, but did not use him. The State filed no controverting affidavit contesting this issue, but the court heard evidence in relation thereto without such controverting affidavit. This action of the court, it is contended, is erroneous. We do not think so; first, because the testimony was not newly discovered, and this was manifest from the affidavit; and secondly, because the court is authorized to hear evidence without such controverting affidavit. Willson Crim. Stats., secs. 2553, 2554. There being no error in the record, the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.