STONY BALL v. THE STATE.

*No. 502. Decided October 29.*

1. **Practice—Appeal from Justice's Judgment—Entry of Notice of.**—Article 939, Code of Criminal Procedure, provides that when a defendant appeals from a judgment in a criminal action he should give notice of such appeal in open court, and the justice shall enter such notice upon the docket. *Held*, that a recitation in an appeal bond that defendant gave notice of appeal is not a sufficient compliance with the statute. The entry must be made on the docket.

2. **Certiorari to Perfect Record.**—An application for certiorari to perfect the record, with regard to notice of appeal given by defendant in a Justice Court, is fatally defective which does not show or attempt to show that such notice of appeal was entered on the justice's docket.

**3. Same.**—Applications for certiorari to cure or supply defects in the record are not sufficient unless it is made to appear that the defect complained of can be cured by awarding the certiorari.

APPEAL from the County Court of Bowie. Tried below before Hon. W. W. DILLARD, County Judge.

Complaint was filed in Justice Court, Precinct No. 2, Bowie County, Texas, charging defendant with failing and refusing to work upon a public road. At his trial in said court, defendant was found guilty, and his fine was assessed by the verdict and judgment at $1. He filed an appeal bond, and the case was taken to the County Court. In the County Court the county attorney made a motion to dismiss the appeal, because the record from the Justice Court contained no notice of appeal. This motion was sustained by the county judge, and the appeal was dismissed. Appellant filed a motion to set aside the judgment of dismissal, and that his cause be reinstated for trial, and for a certiorari to the Justice Court for a more perfect and correct transcript of the proceedings and orders made in said cause in said court; the said motion averring that defendant did give notice of appeal from the justice's judgment at the time of its rendition. This motion was supported by the affidavit of one W. A. Weaver, which stated that upon the rendition of the judgment in the Justice Court in said cause, he, affiant, '' upon the same day, and in open court, gave notice of appeal from the said judgment therein rendered against the defendant to the County Court of Bowie County, Texas, in behalf of said defendant.'' This motion was overruled by the court, and defendant reserved his bill of exceptions, setting out the facts. It is from this judgment that this appeal was prosecuted.

*J. B. Manning* and *John J. King*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This cause originated in the Justice Court. From a conviction in said court appellant sought to prosecute an appeal to the County Court. In the latter court, upon motion of the county attorney, the appeal was dismissed, because the transcript failed to show that notice of appeal was given in the Justice Court and entered upon its docket. The statute provides, that '' when a defendant appeals from a judgment in a criminal action, he shall give notice of such appeal in open court, and the justice shall enter such notice upon his docket.'' Code Crim. Proc., art. 939. A recitation in an appeal bond that defendant gave notice of appeal is not a sufficient compliance with the statute. The notice of appeal must be given, and entry of that fact must be made on the docket. Solari v. The State, 3 Texas Ct. App., 482; Long v. The State, Id., 322; Bozier v. The State, 5 Texas Ct. App., 220.

If article 939 of the Criminal Code of Procedure has been repealed or in any way amended, we have failed to ascertain that fact, and the attorneys have cited us to no authority indicating such repeal or amendment. Subsequent to the order of dismissal, appellant moved a reinstatement of the appeal, as well as for the issuance of a writ of certiorari to perfect the record, and filed therewith the affidavit of one Weaver, showing that in fact notice of appeal had been given in the Justice Court. This affidavit fails to state that entry of such notice had been made on the docket, as required by statute, nor is there a copy of such entry attached to said motion to reinstate the appeal, or to the motion for the writ of certiorari, nor is it attempted to be shown that such entry was made on said docket. The motions were deficient, in that they do not make it appear that the defect could be cured by awarding the certiorari. There is no error in the ruling of the court, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.