### THOMAS McDOUGALL v. THE STATE.

*No. 40.    Decided May 20.*

**Appeal from Justice Court, Entry of Notice of.**—On appeal from a Justice to the County or District Court, it is absolutely essential to the validity of such appeal, that notice thereof should have been given, and entry of the same made upon the justice's docket.

APPEAL from the District Court of Kerr. Tried below before Hon. THOMAS M. PASCHAL.

This prosecution was instituted by complaint in the Mayor's Court of the city of Kerrville, for simple assault. At his trial in said court, appellant was convicted, and his punishment assessed at a fine of $5 and costs.

He endeavored to appeal his case to the District Court, but in the latter court, upon motion of the county attorney, his appeal was dismissed, because he had failed to have his notice of appeal entered upon the docket of the court below; and from that judgment this appeal is prosecuted.

No brief on file for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant having been convicted in the Justice Court, sought to prosecute his appeal to the District Court. Upon motion of the county attorney, the appeal was dismissed in the latter court, because the transcript did not show that notice of appeal was given in the former court, and entered upon its docket. In support of his motion for new trial in the District Court, the defendant offered to prove that he in fact did give the required notice, but it was not entered upon the docket. The evidence was rejected. The ruling was correct. The no-

tice of appeal must be given, " and the justice shall enter such notice upon his docket." Code Crim. Proc., art. 939; Ball v. The State, 31 Texas Cr. Rep., 214. Defendants desiring to prosecute appeal from the Justice to the County or District Court must comply with the terms of the law in such cases made and provided, in order to perfect their appeals. They should see that the notice is properly entered.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.