ALBERT TRUSS v. THE STATE.

No. 1640. Decided November 10, 1897.

1. **Appeal from Justices to County Court—Notice of Appeal.**
Article 974, Code Criminal Procedure, which requires that when a defendant appeals he shall give notice of appeal in open court, and the justice shall enter such notice upon his docket, is mandatory, and the entry of the notice upon the justice's docket is a condition precedent to the right of appeal. The failure to enter the notice by the justice can not be supplied in the county court by parol evidence or the affidavit of the justice that notice of appeal had in fact been given.

2. **Same—Entry of Notice Nunc pro Tunc—Practice.**
It is too late and not competent for a defendant, who has prosecuted his appeal by filing the transcript from the justice to the county court, in the latter court to have the proceedings stopped to enable the justice to perfect his record by an entry, nunc pro tunc, of the notice of appeal.

APPEAL from the County Court of Houston. Tried before the Hon. A. A. ALDRICH, County Judge.

Appeal from a judgment of the county court dismissing an appeal from a justice court.

The opinion states the case.

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is an appeal from the action of the County Court in dismissing an appeal from the judgment of a Justice Court. The ground for dismissing said appeal in the County Court was because the transcript of the record from the Justice Court did not show that appellant gave notice of appeal from the Justice Court. In the County Court, in answer to the motion to dismiss, appellant asked for a certiorari to the Justice Court, and proposed to have entered nunc pro tunc on the justice docket the fact that he did give notice of appeal in open court from the rendition of the judgment against him by said justice. He also proposed to show by the justice of the peace who tried the case,

by parol testimony, in the County Court, that he did in fact give notice of appeal in open court; and he appended to the motion the affidavit of the justice, showing that in fact he did give notice of appeal, but by an oversight the justice failed to enter the same. On this subject, article 974, Code of Criminal Procedure, requires: "When a defendant appeals from a judgment in a criminal action he shall give notice of such appeal in open court, and the justice shall enter such notice upon his docket." This would appear to be mandatory, and upon such notice being entered of record by the justice upon his docket is based the right of appeal.

We have held in a number of cases, under a statute somewhat similar in terms, where an appeal is taken from the county court to this court, and the record fails to show that the notice of appeal was given, that the case will be dismissed. See Long v. State, 3 Texas Crim. App., 322; Solari v. State, Id., 482; Bozier v. State, 5 Texas Crim. App., 220. And it has also been held that where an appeal was taken from the justice court to the county court, and the record failed to disclose that the notice of appeal had been given in open court and entered on the docket, the appeal would be dismissed. See McDougall v. State, 32 Texas Crim. Rep., 174, and Ball v. State, 31 Texas Crim. Rep., 214. These two latter cases would appear to be decisive of the question here presented. We are not now discussing whether or not, before the transcript on appeal was perfected and filed in the County Court, appellant may not have had the notice of appeal entered nunc pro tunc, and thus perfect the record, as that character of case is not before us. We do not believe that it was competent, after the appellate court (which was the County Court in this instance) had acquired jurisdiction by the filing of the transcript, then to have stopped proceedings and awaited the action of the lower court to perfect the record by an entry nunc pro tunc of the notice of appeal. The law requires some diligence on the part of appellant in perfecting his appeal, and it does occur to us that there was laches on his part in not having discovered sooner the failure of the justice to enter upon his docket such notice. By the use of reasonable diligence, this failure might have been discovered, if not at the time when it should have been done—that is, when the notice was given in open court—certainly before the transcript had been made out. It was too late after the County Court had acquired jurisdiction to then ask a stay of proceeding in order to perfect the record of the lower court by a proceeding to enter a nunc pro tunc judgment.

The judgment of the lower court is accordingly affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.