SAMUEL P. CROW ET AL. V. CITIZENS RAILWAY COMPANY.
Decided December 9, 1903.

**1.—Negligence—Charge—Requesting Instruction.**
Where distinct omissions to exercise care are alleged, it was improper to charge in such way as to require verdict for plaintiff only on proof of all such grounds of negligence, but not positive error in the absence of a requested instruction submitting the grounds for recovery disjunctively. But a charge putting upon plaintiff the burden of establishing all the facts alleged, implying that he could only recover upon proof of all, was affirmative error.

**2.—Charge—Proximate Cause—Contributory Negligence.**
A charge upon contributory negligence which omits the requisite that it must have been a proximate cause of the injuries in order to defeat recovery, was not defective for the omission where the causal connection of the facts charged upon was clearly proximate.

Appeal from the District Court of McLennan. Tried below before Hon. Marshall Surratt.

*Waller S. Baker* and *S. P. Ross,* for appellant.

*Clark & Bolinger* and *J. A. Kibler,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—This action was brought by appellants to recover damages on account of the death of their son, Samuel P. Crow, Jr., alleged to have been caused by the negligence of appellee, a street car company in the city of Waco.

The petition sets out the cause of action as follows: "That the defendant, while engaged in the operation of its business, for the carriage of passengers, and particularly while operating a number of cars called 'trailers,' annexed to one car and propelled thereby, by the use of electricity, while carrying passengers from West End, carelessly and negligently, and by the use of said trailers, and by the sudden stop thereof near Fourth and Austin streets, in the city of Waco, and the failure to have motormen and conductors for each car, caused Samuel P. Crow, Jr., son of plaintiffs, to be thrown from and run over by defendant's said trailers, which mangled the entire body of the said Samuel P. Crow, Jr., and which finally resulted in his death, to wit, on the 10th day of July, 1902. That but for the use of trailers, and the failure to have motormen and conductors for each car, and the defective construction of said trailers generally, and the allowance of too much slack in the coupling thereof, and the sudden stopping thereof, said accident of which the plaintiffs complain would not have happened."

The first assignment of error complains of the following paragraph of the court's charge, which is the only portion of the charge authorizing a recovery by appellants:

"If you believe from the evidence that the defendant by running its said cars with trailers attached, as shown by the evidence in this case, and by the sudden stop thereof, if any, near Fourth and Austin streets, and the failure to have motormen and conductors for each car, caused

the said Samuel P. Crow, Jr., to be thrown from and to be run over by defendant's cars, and that but for the use of trailers and the failure to have motormen and conductors for each car, and the defective construction of the trailers generally, and the allowance of too much slack in the couplings thereof, and the sudden stopping thereof, said accident would not have happened; and you further believe from the evidence that said acts or omissions, or either of them, on the part of the defendant, constituted negligence on the part of the defendant, that is a failure upon its part to exercise that high degree of care as above charged as its duty, and that but for such act or omission, if any, the said Samuel P. Crow, Jr., would not have been injured; and you further believe that the said Samuel P. Crow, Jr., was at the time acting as an ordinarily prudent person of his age and intelligence would have acted under the same or similar circumstances, to avoid being injured, then you will find for the plaintiffs, unless you find for the defendant under the following instructions. And the burden of proof rests upon plaintiffs to establish said facts alleged to be negligence on the part of defendant, by a preponderance of the evidence."

The substance of the objections is that the charge quoted required appellants to prove all of the acts of negligence alleged, instead of authorizing a recovery upon proof of either of said acts.

The charge is not as accurately framed as it might have been. The second clause of the charge, beginning with the words "and you further believe from the evidence that said acts or omissions, or either of them," etc., would indicate that the court intended to present the acts of negligence disjunctively, but this clause of the charge is so connected with that preceding it, that, upon the whole, the charge only authorizes a recovery upon proof of all the acts alleged as negligence. The petition, as above shown, charges said acts of negligence conjunctively. Appellants, however, would have been entitled to recover upon proof that any of the acts alleged was negligence and caused the injuries resulting in death. Kottwitz v. Bagby, 16 Texas, 656; Railway Co. v. Kirk, 62 Texas, 227; Railway Co. v. Hill, 71 Texas, 451; Street Railway Co. v. Muth, 7 Texas Civ. App., 450.

It is insisted, however, by appellee that the charge quoted was correct as far as it went, and that if appellants desired further instructions, presenting separately the various acts of negligence, they should have requested such instructions, and that having failed to make such request they can not complain.

This contention would be sound, provided the charge complained of simply authorized a recovery upon proof of all the acts alleged, without telling the jury that they could not recover upon proof of less than all of said acts.

In the case of Texas & P. Ry. Co. v. Brown, 78 Texas, 397, the court gave the following instruction: "Now if the railroad company did provide suitable and safe approaches to their platform at Big Sandy, for the egress of its passengers at such points as passengers would ordi-

narily or naturally go, properly lighted, and the plaintiff did not exercise proper and reasonable care, and walked off the platform in the dark at a point not provided for passengers to leave, and it was a point that passengers would not naturally or ordinarily go to get off the platform, the plaintiff can not recover."

Discussing this instruction, the Supreme Court says: "It is insisted that this charge is erroneous, 'because it made it necessary for the defendant to prove both that it was careful and that plaintiff was negligent before it was entitled to a recovery.' But the charge does not assert this proposition. It tells the jury that if the defendant was careful and the plaintiff was negligent, the latter could not recover. This is correct. The proposition is not erroneous. The court might properly have gone further and charged in the disjunctive, and have told the jury that if either the defendant was careful or the plaintiff negligent, the defendant should have judgment. This presents an instance, not of an erroneous charge, but of a failure to give a charge which the defendant had a right to demand. If the defendant had asked a disjunctive charge it would doubtless have been given. Not having made the request it can not complain of a charge which is correct, but merely defective."

In the case of Railway Co. v. Wood, the court instructed the jury that if the appellant "constructed its roadbed or grade in such a way and in such manner as to guard against ordinary freshets, overflows, tides, etc., so as to prevent damage therefrom to adjacent property, it would not be liable for damages arising from an extraordinary or unusual rise or overflow of water, such as could not have been foreseen or anticipated by the use of the greatest care, skill and caution in the construction of its roadbed."

Judge Stayton, in passing upon the objections to this charge, says: "The charge certainly stated a correct rule, and if the appellant was of the opinion that the exercise of a less degree of care would have relieved it from liability, a charge upon that subject should have been asked. If the charge had informed the jury that nothing less than the exercise of the highest skill, care and caution would relieve the appellant from liability for an injury resulting from an extraordinary or unusual rise or overflow, a different question would arise."

These cases are cited with approval by the Supreme Court in the case of Gulf, C. & S. F. Ry. Co. v. Hill, 95 Texas, 629, in which the case of Railway Co. v. Conroy, 83 Texas, 214; Kershner v. Latimer, 64 S. W. Rep.; 237, and Oil Co. v. Burrow, 4 Texas Ct. Rep., 867, are virtually overruled.

The rule established by these decisions, however, is clearly limited to those charges which simply authorize a recovery on proof of a number of acts relied upon, but do not expressly require proof of all such acts where proof of one or more would be sufficient.

If the charge complained of had omitted the last sentence it would probably have been subject to the rule stated. But in that sentence

the jury were instructed that the burden of proof rested upon plaintiffs "to establish said facts alleged to be negligence on the part of defendant, by a preponderance of the evidence." From this the jury must have understood not only that plaintiffs would be entitled to recover upon proof of all said acts, but that without proof of all said acts, they could not recover. It was not simply an omission, but a positive misdirection.

The evidence was in such condition that the jury might have found for or against the defendant on one or more of the grounds of negligence alleged. We therefore conclude that the court committed reversible error in the instruction above quoted.

The second assignment of error complains of the refusal of a special charge requested by appellants upon the issue of contributory negligence. The charge given by the court upon that subject was sufficient as far as appellant was concerned. While it did not, in express terms, instruct the jury that the act of negligence upon the part of the deceased must have been a proximate cause of the injuries, yet if the jury had found the facts required by the court in this instruction, it would have inevitably followed that the negligence of deceased was the proximate cause of the injuries.

As the case must be reversed, it is unnecessary to discuss the assignments which relate to the sufficiency of the evidence.

Because of the error above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*