## WESLEY JOHNSON v. THE STATE.

### No. 3858. Decided December 4, 1907.

**1.—Burglary—Evidence—Bill of Exceptions—Extraneous Crimes.**

Where upon trial for burglary, objection was made to the introduction of testimony with reference to the finding of property in defendant's possession, quite a lot of which was taken from the burglarized house and probably some of which had been taken at another burglary, the defense insisting that the same related to extraneous crimes; but the bill of exceptions was not specific, but scattered throughout the statement of facts, the same could not be considered on appeal; besides the testimony was admissible as it tended to connect the defendant with the burglary for which he was being tried.

**2.—Same—Indictment—Pleading—Duplicity.**

Where upon trial for burglary the indictment contained two counts, the first charging burglary of a private residence at night, and the second a burglary in daytime, omitting the allegation in regard to it being a private residence, such pleading is not only authorized but commended, and there was no error in overruling a motion to quash on the grounds of duplicity.

**3.—Same—Continuance—Bill of Exceptions—Practice on Appeal.**

Where no bill of exceptions had been reserved to the overruling of a motion for continuance, the same could not be considered on appeal; besides the absent testimony, to show that defendant had a key to the burglarized premises by consent of the owner, was immaterial, as the evidence as to the entry into the house showed a breaking or cutting of a wire screen door, through which the burglar inserted his hand and lifted a latch.

**4.—Same—Charge of Court—Night-Time Burglary—Definition of Night.**

Where upon trial for a night-time burglary the evidence showed that a private residence was burglariously entered after night, and that the same was occupied as a residence, there was no error in the court's charge because it did not inform the jury that night began thirty minutes after sunset and terminated thirty minutes before sunrise.

**5.—Same—Charge of Court—Possession of Recently Stolen Property.**

Upon trial for burglary, where the evidence raised the issue of possession of recently stolen property, there was no error in the court's charge that in order to consider the fact of finding the alleged stolen property in defendant's room, his possession must be personal and exclusive and unexplained; involving a distinct and conscious assertion of property by him, and if the jury so found it would be a circumstance they could consider along with other facts in the case to determine the issue to be tried, the same was not on the weight of the testimony.

**6.—Charge of Court—Private Residence—Occupation—Possession—Ownership.**

Where upon trial for burglary the evidence showed that another person was permitted to sleep in the house with the alleged owner, who had rented the premises and was in control of same, there was no error in refusing a charge to acquit if the evidence showed possession in this other person; besides if both were in possession occupying the house as a private residence, it was sufficient to charge the ownership in the party alleged in the indictment.

Appeal from the District Court of Jefferson. Tried below before the Hon. E. A. McDowell, Special Judge.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*B. E. Moore,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary, his punishment being assessed at five years confinement in the penitentiary.

There are no bills of exception in the record unless we go to the statements of facts where we notice that appellant, in a general way, during the introduction of the testimony, objected to some matters. We are not informed by appellant whether he is relying upon these matters or not, unless it is found in the second ground of the motion for a new trial; that ground is as follows: "All the testimony by the State as to former crimes, etc., over objections of the defendant was error and though the court in so far as it could, withdrew same from the consideration of the jury, yet the injurious and prejudicial effect was not, and in the very nature of things could not be taken from the minds of the jury." If it be conceded that this is an insistence that the court erred in admitting evidence of a prior burglary supposed to have been committed by appellant, and that we could ascertain this fact by wading through a long statement of facts, we would hold, even if this sufficiently presented the matter, that the court was not in error. When the burglary relied upon in this case was ascertained, and appellant was arrested, his room and trunk were searched, and quite a lot of property that had been taken from the burglarized house found in his room and trunk, or locker, as some of the witnesses term it. The witnesses were not very clear as to when the property found in his possession had been taken, and it is made to appear that some of the property was missed from the house before the second burglary, and the witnesses were not definite as to when some of the property found in appellant's possession had disappeared from the house. We think, under the rule with reference to extraneous crimes, that this was clearly admissible; it tended to connect defendant with the burglary for which he was being tried. This was a case of circumstantial evidence, and the court limited the jury to a consideration of these facts for the proper purpose. We have treated the matter in this manner, but the bill of exceptions contained in the transcript is hardly sufficient to present it. This court is not called upon to wade through several pages of testimony, where there is a running fight between counsel as to the introduction of testimony, to ascertain whether or not appellant really did reserve an exception, and if so, how. These matters ought to be specifically pointed out, and in such way that the court can understand the real question at issue. But we find no error in any event.

Appellant moved to quash the indictment, "for the reason same is duplicitous, charges more than one offense and is wholly void which is shown from face of said indictment which defendant requested the court to inspect." This was overruled. The indictment contains two counts,

the first charging burglary of a private residence at night, and, second, charging burglary in the daytime, omitting the allegation in regard to its being a private residence. This manner of pleading is not only authorized, but is commended by previous decisions of this court. For a collation of authorities see White's Annotated Code Criminal Procedure, sections 403, 404 and 405. Article 469 of the Code of Criminal Procedure expressly provides that an indictment or information may contain as many counts charging the same offense as the attorney who prepares it may think necessary to insert, and an indictment or information shall be sufficient if any one of these counts be sufficient. The pleader was simply charging the same offense in different ways in order to meet possible contingencies that might arise under the facts on the trial of the case. The evidence showing it to be a private residence, and the burglary committed at night, the court limited the consideration of the jury to the first count. There was no error in these rulings of the court. See authorities above cited.

The application for a continuance was overruled, and appellant failed to reserve a bill of exceptions. This matter, therefore, cannot be revised. But if it had been properly presented, the court would have been justified in refusing to continue. The facts expected to be proved are thus stated: "That said Mary worked on the premises alleged to have been burglarized; that defendant also worked at said place and that defendant carried a key to said premises with knowledge and consent of Ben Kimbrough." The indictment alleged that Ben Kimbrough had control of and occupied the house as his residence. The facts show that appellant had no authority to go in the house and had not had for a week or ten days prior to this burglary; and the facts further show that it was not entered by means of a key, but that the wire-screen door had been cut where the latch on the inside fastened, and the burglar inserted his hand and lifted the latch and thus opened the door and entered the house. Even if the bill had been properly presented for review, the facts set out in its application would not have been material.

We have carefully read the court's charge, and in our judgment it is correct. Among other things, it is contended the court should have defined to the jury what night-time burglary was, and this he alleges the court omitted, and further that the court failed to define what constituted a private residence. We do not believe there is any merit in these contentions. The evidence is clear that the house was entered after dark, and that it was a private residence occupied by Ben Kimbrough, who paid the rent, and occupied the house as his residence. We suppose appellant intended to criticise the charge because it did not inform the jury that night began thirty minutes after sunset and terminated thirty minutes before sunrise, as the charge did not so inform the jury. There was no occasion for giving this definition of night-time in this case. There might arise cases where the testimony is shadowy or close or doubtful as to whether the house was entered along at the line of demarkation between night and day burglary, or where

the testimony would leave any doubt as to whether the burglary was committed at night or in the day, but those questions do not arise in this case, and it is not a possible conclusion that the jury could have been mistaken or misled by the charge wherein the court only authorized the conviction if the burglary was in the night-time. The proof is conclusive that the owner of the house left it, after dark, going to supper at a café, and that he was gone not quite an hour and returned finding that his house had been burglarized. There was no possible chance for the jury to misunderstand, under these facts, that this was a night-time burglary. The same may be said in regard to its being a private residence. The testimony all is that it was Kimbrough's residence; that he rented the house, paid the rent, kept up the insurance on it, had control of it, and that up to within a week or ten days of the burglary he kept a servant, and ate his meals in the house, and that up to said time there were several others who took their meals in the same house, but for a week or ten days he and another occupant had slept in the house, taking their meals at restaurants and cafés. There is no technical meaning as to what a private residence is, and the proof is conclusive that it was a private residence. If there was doubt as to whether it was a private residence or not, then it might be well enough for a court to give a jury an appropriate instruction along that line. But whether that statement is correct or not, there was no occasion for such a charge in this case. There was no proof otherwise than that it was a private residence.

We cannot agree with appellant that the court's charge with reference to possession of recently stolen property was upon the weight of testimony. The court, in effect, informed the jury that in order to consider as a fact against appellant, the finding of the property in his room, his possession must be personal and exclusive; unexplained, involving a distinct and conscious assertion of property by the defendant, and if they so found it would be a circumstance they would consider along with other facts in the case to determine the issue to be tried. The criticism of appellant is that "such testimony cannot be considered for any purpose except as to intent, when it had been shown that defendant did commit the offense of burglary for which he is charged." The possession of the property could be shown for other purposes than intent; it could be used to connect him with the offense on trial. Under the facts of this case, the testimony in regard to his possession, as heretofore stated in this opinion, was properly admitted. As this charge is given, we do not believe that it was on the weight of testimony.

Appellant requested the court to charge the jury that if they should find the house alleged to have been burglarized was in charge or control of anyother person than Ben Kimbrough at the time of the alleged burglary, they should acquit. This was refused and correctly. There was some evidence to the effect that another gentleman slept in the house; that when they were taking their meals at home that seven or eight of them had joined in a combination to divide the table expenses,

and the gentleman who was occupying the house with Kimbrough had immediate charge of paying the bills, which were prorated among those who took their meals at the house and these expenses included, paying a cook and other incidental matters, but this arrangement had ceased a week or ten days prior to this alleged burglary, and one of them still slept in the house as did the alleged owner Kimbrough. If it be conceded that both of these gentlemen were in possession, occupying the house as a private residence, under the facts it was sufficient to charge the ownership in Kimbrough, such we understand is the unbroken line of authorities in Texas as well as the provisions of the statute.

We think the evidence is ample to support the conviction, and the judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.

### ON REHEARING.

#### January 22, 1908.

DAVIDSON, PRESIDING JUDGE.—Motion for rehearing is made in this case requesting the setting aside of the judgment of affirmance rendered at our recent Tyler term. As stated in the original opinion, one of the appellant's contention was, that the court should have defined to the jury what it took to constitute a night-time burglary. It seems that the particular point relied upon is that the court should have given an instruction, but did not, that night-time burglary was consummated by breaking into the house with intent to commit burglary, etc., at a time after a half-hour after sunset and prior to a half-hour before sunrise. We believe this rule is correctly stated in the former opinion that wherever the testimony is upon close lines as to whether the burglary may have been committed a half-hour subsequent to sunset, or a half-hour prior to sunrise, the court should submit that question to the jury, but we are still of the opinion that, in a case like this, it is sufficient to tell the jury, if they should find the burglary was committed at night, without going into a definition of the hours from half-hour after sunset and a half-hour before sunrise. The evidence is fully clear and conclusive in the case that the burglary was made made sometime after dark. Kimbrough, the alleged owner of the house, states that he left the house considerably after dark. The lights were on; that he did not know exactly what time it was, but knew that he went through the house and locked it. The following is stated with reference to the time: "Q. You say it was dark when you left the house? A. Yes, sir. Q. After you closed up. A. Yes, sir. Q. How long had it been dark? A. Quite awhile, fully thirty minutes. Q. That was around along in March? A. Yes, sir. Q. And it gets dark early, doesn't it? A. Yes, sir. Q. Lights burning in the street? A. Yes, sir. Q. And it was some time after this that the burglary was committed? A. Sometime after that, because I left the house imme-

diately and proceeded down town." Another witness we think testified, hardly so pointedly as did Kimbrough, but still he places the facts so it was after dark. About it being after dark, there can be no question under the record. After leaving the house and going down to the café, and while en route to the café, Kimbrough met appellant and after some conversation with him let him have a little money. That he finished his supper and returned to his residence in about forty minutes. During the time he was absent from the house, it was burglarized. We think there was no error in the former ruling in regard to this matter, and there is no occasion for granting a rehearing upon that theory.

We do not deem it necessary to consider the other questions on the motion, as, in our judgment, there is nothing of importance in them.

The motion for rehearing is, therefore, overruled.

*Overruled.*