### W. M. STEPHENS v. STATE.

No. 2310. Decided February 26, 1913.

Rehearing denied March 26, 1913.

**1.—Burglary—Indictment—Description—Private Residence.**

An indictment for burglary need not allege what property was stolen or the value thereof; nor is it necessary to allege the character of the house, unless it is intended to charge specifically that it was a private residence.

**2.—Same—Indictment—Daytime or Night-time Burglary.**

Where the indictment for burglary alleged that the offense was committed by force, threats and fraud, the same covered either a daytime or a night-time burglary. Following Carr v. State, 19 Texas Crim. App., 635, and other cases.

**3.—Same—Charge of Court—Other Transactions.**

Where, upon trial for burglary, the evidence showed that a barn was forcibly entered and a saddle, bridle and blanket taken therefrom, and at the same time a horse was taken out of the lot, which latter was found in defendant's possession, there was no error in refusing a requested charge to disregard all testimony as to defendant's possession of said horse.

**4.—Same—Charge of Court—Daytime Burglary.**

Where the indictment was sufficient to charge a burglary either at night or in the daytime, and the evidence showed that it was committed after 4:30 in the morning and before daylight, there was no error in refusing a requested charge to acquit defendant, unless the evidence showed a daytime burglary.

**5.—Same—Charge of Court—Limiting Testimony.**

Where, upon trial of burglary, the evidence showed that a saddle, bridle and blanket were forcibly taken from a certain barn and also a certain gray mare from the lot in which said barn stood, and defendant was found in possession of said mare shortly thereafter, a charge of the court limiting said possession of said mare to the fact as to whether defendant was the party who entered the barn was proper, and not on the weight of the evidence.

**6.—Same—Evidence—Signature of Judge.**

Where the bill of exceptions to certain testimony as to whether the party rode a horse or a mule, etc., was not signed by the trial judge, the same could not be considered on appeal.

**7—Same—Evidence—Other Transactions.**

Where, upon trial of burglary, the evidence showed that at the time of the taking of the alleged stolen property from the burglarized barn, a certain horse was taken, which was found in defendant's possession shortly thereafter, the same was an incriminating circumstance which was admissible in evidence.

**8.—Same—Continuance—Want of Diligence.**

Where defendant's application, besides showing a want of diligence, did not show the materiality of the testimony, the same was correctly overruled.

**9.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence was sufficient to sustain a conviction, there was no error.

Appeal from the District Court of Travis. Tried below before the Hon. Geo. C. Calhoun.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Thelbert Martin,* for appellant.—One question of overruling continuance: Yautir v. State, 49 Tex. Crim. Rep., 400, 94 S. W. Rep., 1919.

On question of insufficiency of the evidence: Jones v. State, 25 Texas Crim. App., 226; Morgan v. State, 25 id, 498.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of sufficiency of the indictment: Conoly v. State, 2 Texas Crim. App., 412; Martin v. State, 21 id, 1.; Buchanan v. State, 24 id, 195.

DAVIDSON, PRESIDING JUDGE.—The indictment charges that appellant did by force, threats and fraud, break and enter a house there

situate, and owned, occupied and controlled by J. E. Barker, without the consent of the said J. E. Barker, etc.

There are several grounds urged against the sufficiency of the indictment, all of which are without merit. The indictment is in the usual form and sufficiently charges burglary. One of the grounds is that it does not allege whether the burglary was committed in the daytime or night; nor does it allege what property was stolen, nor the value of the property; that it does not allege the character of the house, whether a private residence, or otherwise. There is no merit in any of those contentions. The indictment does not have to allege what property was stolen, nor the value of it; nor is it necessary to allege the character of the house, unless it is intended to charge specifically that it was a private residence. This was not a private residence, nor is there any merit in the proposition that the indictment failed to allege whether the offense was committed in the day-time or night-time. It does allege that the house was, by force, threats and fraud, broken and entered. This was sufficient to cover a daytime or night-time burglary. This question came specifically before the court in Carr v. State, 19 Texas Crim. App., 635; see also Montgomery v. State, 55 Texas Crim. Rep., 502; True v. State, 48 Texas Crim. Rep., 631; Walker v. State, 55 Texas Crim. Rep., 546.

Appellant requested the court to charge the jury as follows: "Gentlemen of the jury, you are instructed to disregard all testimony as to the possession by this defendant of a certain horse alleged to have been stolen from the prosecutor herein, J. E. Barker," which the court refused to give. The court was correct in not giving this charge. The State's case was in substance that someone broke and entered the barn, or harness house, and took from it a saddle, bridle and blanket. This occurred somewhere after 4:30 o'clock in the morning. The horse in question was taken at the same time and evidently by the same party. The horse was taken from the lot,—not from the house. Appellant was seen with this animal twelve to eighteen days afterwards in San Angelo, some three hundred miles from where the horse was stolen. The theory of the State was that whoever broke the house to get the bridle, saddle and blanket, did so for the purpose of riding the animal which was stolen at the same time and place. The possession by defendant of the horse was a strong circumstance to connect him with the burglary. If he took the horse from the lot, he was evidently the party who committed the burglary. The court in charging the jury limited the effect of this testimony.

A charge asked by appellant was to the effect that they should disregard all testimony showing or tending to show that the offense herein charged was committed at any other time than in the day-time and should confine their consideration of the testimony and evidence to a daytime burglary, and if they should find that the testimony does not show a daytime burglary, or if they should believe that the evidence showed a burglary committed at any other time,

then that should acquit defendant. This charge was properly re-
fused. The indictment was sufficient to charge the burglary was
committed at night or in the daytime. It was evidently committed,
however, after 4:30 in the morning, and before daylight.

The court charged the jury that evidence having been introduced
as to the alleged taking of the gray mare from the possession of the
alleged owner at the time of the burglary from the harness house,
and from the witness Barker, they must believe, beyond a reason-
able doubt, that defendant took said mare, and if they believed from
the evidence, beyond a reasonable doubt, that the defendant took
said mare, at the time of the alleged burglary, then they could con-
sider the said testimony only for the purpose for which it was allowed
to be introduced, that is, for the purpose of assisting the jury (if it
shall assist them from the facts and circumstances attending the said
taking of said mare, if any taking there was), taken in connection
with the other evidence in the case, to determine whether or not
the defendant committed the specific charge alleged in the indict-
ment; that the fact that the defendant may have committed an offense
other than the specific offense charged in the indictment in this case
(if such is a fact) can not be considered by the jury for any purpose,
unless the facts and circumstances in connection with such other of-
fense (if any) shall assist the jury in determining whether or not the
defendant committed the specific offense charged in the indictment in
this case; and the jury can not under any circumstances convict the
defendant of any other than the specific offense charged in the in-
dictment in this case. The objection urged was that this charge was
upon the weight of the evidence, and calculated to mislead the jury
in that it calls attention to the taking of a horse and does not leave
it clear that the indictment herein is for burglary, entry in a harness
house for the purpose of taking a saddle and not a horse. We are
of opinion that the charge is not subject to the above criticism. It
was a sufficient limitation of the evidence in regard to the animal as
to its office and mission, and bearing upon whether defendant was
the party who entered the house. His possession of the horse could
be used only as a circumstance to connect him with the burglary.
The authorities, so far as we are aware, all sustain the charge of the
court. Contemporaneous crimes are admissible for the purpose for
which this testimony was admitted, and it was proper and correct for
the court to so charge, and might have been reversible error if the
court had not limited the testimony in regard to the animal.

Another bill of exceptions recites that appellant objected to the
testimony of two witnesses, Roach and Harris, to the effect that they
had each seen a man passing their residence, riding a horse or mule
sometime after the alleged burglary and it was after sundown, and it
was not possible to tell whether said horse or mule had a saddle on
or not; and that they could not tell whether said man was black or

white. It is unnecessary to review this bill of exceptions, because it is not signed by the Judge.

Another bill recites that the State introduced testimony to the effect that defendant had been arrested in San Angelo, Texas; that at the time he was arrested he had in his possession a certain gray mare; that this mare had been taken from the lot of J. E. Barker in Travis County on the morning of the 12th of March, 1912. This was objected to because it was immaterial, irrelevant and had no bearing upon the case. The court was requested to exclude it upon the same grounds. This was overruled by the court and correctly. The possession of stolen property a few days subsequent to its theft, would be evidence of an incriminating nature had he been on trial for the theft of the animal, but his possession of the animal was used as an incriminating circumstance in this case to connect him with the burglary, because the mare was taken at the same time and place of the burglary. The court ruled correctly.

Another bill of exceptions insists that the court erred in overruling his application for continuance. We do not agree with this contention. The application is deficient in many respects. It does not set out the diligence used to obtain the absent witnesses, but that might not be of a serious nature as this is the first application. Aside from the diligence, or want of diligence, the application shows that appellant wanted the attendance of Sam Phipps, Sam Boyd, and Lee Gardener. He says that the residence of Phipps and Boyd is unknown to the defendant, but that they were in Waco, McLennan County, at the time he saw and knew them; and Lee Gardener represented his residence as Big Springs or Midland, Texas. When he saw these parties as with reference to this case is not shown. He says he expects to prove by Gardener that he, defendant, bought a horse from him, Gardener, and at the time he had no horse nor saddle in his possession. When this occurred, he does not allege or make any showing as to the connection it had with this case, or what effect this evidence, if he had it before the jury, could possibly have had upon this case. He says by Phipps and Boyd he expects to prove that he was in Waco, McLennan County at the time the said offense with which he is here charged, was committed. This is too general, to say the least. This is the substance of appellant's application, so far as these witnesses are concerned, and the facts he expected to prove by them.

The most serious question in the case is the sufficiency of the evidence. Without going over it, we are of opinion that the jury were justified in believing that appellant is the party who broke and entered the house to get the saddle, bridle and blanket with which to ride the gray animal mentioned by the witnesses in this case. Appellant's possession of it a few days after the theft and his various statements in connection with it, are, we think, sufficient to

justify the jury in reaching the conclusion that he was the guilty party.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 26, 1913.—Reporter.]