Jim Hornbuckle v. The State.

No. 5463.     Decided December 3, 1919.

**1.—Burglary—Private Residence—Allegation and Proof.**

The term private residence includes any building or room occupied and actually used by any person or persons as a place of residence, and, where upon trial of burglary of a private residence, the evidence showed that the alleged stolen property was taken from the kitchen, the same was included as part of the private residence within the meaning of the statute. Following: Holland v. State, 45 Texas Crim. Rep., 172, and other cases.

**2.—Same—Accomplice—Corroboration—Charge of Court.**

Where, upon trial of burglary of a private residence, the State's witness was so connected with the crime in receiving or concealing the alleged stolen property with knowledge of its theft, as to make him an accomplice, the court should have charged on accomplice testimony as requested, and his failure to do so was reversible error. Following: Johnson v. State, 58 Texas Crim. Rep., 245, and other cases.

Appeal from the Criminal District Court of Bowie.—Tried below before the Hon. P. A. Turner, judge.

Appeal from a conviction of burglary of a private residence; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Mahaffey, Keeney & Dalby*, for appellant.—On question of private residence: Alinis v. State, 63 Texas Crim. Rep., 272, 139 S. W, Rep., 980; Alinis v. State, 63 Texas Crim. Rep., 371, 140 id., 227.

On question of failure to charge on accomplice testimony: Blakely v. State, 24 Texas Crim. App., 616, and cases cited in opinion.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, Judge.—The conviction is for night-time burglary of a private residence. The evidence establishes the breaking of the house and the theft therefrom of a can of lard. It was the State's theory that while Forsythe and his wife, the owners of the property, were attending church in the neighborhood, which church the appel-lant was also attending, that he left the church during the services,

opened the house and got the can of lard, bringing it to a point near the arbor of the church, and subsequently the same night took it to his home, which was in the neighborhood. This theory was supported by the testimony of two witnesses, who gave testimony in the nature of a confession. They were attacked upon the ground that they were animated by a desire to injure the appellant, because he had caused them to be charged by indictment with burning his barn.

There was proof that a 5-gallon can, together with a cloth, was taken out of the dam on appellant's premises; and these the testimony of Forsythe and wife tended to identify as the can which contained the lard stolen and the cloth which covered it.

Cooper, a witness for the State, testified that at the time the burglary took place he was living at appellant's house and working for him; that on the night the burglary took place he went with the appellant to church, remained with him throughout, and that together they went to appellant's house and spent the night. The witness said that he was engaged in constructing a dam for the appellant, and that after the burglary—he having no knowledge of appellant's connection with it—that appellant brought to him a 5-gallon lard can, which the witness, at appellant's request, put into the dam and covered with dirt. It was shown that prior to giving his testimony this witness had denied any knowledge or connection with hiding the can.

Appellant testified, denying the theft, the confessions, and any connection with hiding the property or delivering it to Cooper.

The term "private residence" is declared by the statute to mean "any building or room occupied and actually used by any person or persons as a place of residence." Penal Code, Art. 1314. The dwelling of Forsythe consisted of two sleeping rooms with a hall between and room used as a kitchen and dining room to which was attached a shed-room used as a pantry. The kitchen was about sixteen feet distant from the bedrooms, and the two were joined by a plank walk. Forsythe and his family lived in this abode. They did not sleep in the kitchen, from which the lard was taken, but kept their supplies in that and the adjoining shed-room, and used the kitchen for cooking the meals and for dining purposes. In our opinion, the whole constitute the private residence within the meaning of the statute, and was used by the owner named in the indictment as a place of residence. With the contrary view urged by appellant we are unable to agree. See Holland v. State, 45 Texas Crim. Rep., 172; Johnson v. State, 52 Texas Crim. Rep., 201; Mays v. State, 50 Texas Crim. Rep., 391; Cyc. Law & Procedure, vol. 34, p. 1647.

The appellant sought to have the question as to whether Cooper was an accomplice witness requiring corroboration submitted to the jury, and complains of the refusal of the court to do so. Under the evidence, Cooper's connection with the crime was such as to make it encumbent upon the court to instruct the jury on the law of accom-

plice testimony. If the appellant, as the State contends, carried the lard can home from the church on the occasion mentioned, and Cooper was with him on that particular occasion—as he testified— the conclusion that he knew of the possession of the can of lard by the appellant cannot be escaped. Cooper admits he knew of the burglary before he received and hid the can. It has often been held that one receiving or concealing stolen property, with knowledge of its theft is classified as an accomplice witness. Johnson v. State, 58 Texas Crim. Rep., 245; Branch's Annotated Penal Code, p. 367. See, also Simmons v. State, 50 Texas Crim. Rep., 528; Wyatt v. State, 55 Texas Crim. Rep., 74; Kelly v. State, 34 Texas Crim. Rep., 414.

The testimony of Cooper, if believed by the jury, was hurtful to the appellant, and he was entitled to have the jury instructed in appropriate terms that if they believed Cooper was an accomplice, his testimony uncorroborated could not form the basis of conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*