ARTHUR SHOEMAKE v. THE STATE.

No. 6800.    Decided March 8, 1922.

Robbery—Continuance—Statement of Facts.

In the absence of a statement of facts, the overruling of the application for continuance will not be considered on appeal.

Appeal from the District Court of Brazoria. Tried below before the Honorable M. S. Munson.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Geo. H. Currier,* and *A. R. Rucks,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for robbery. Punishment was assessed at five years' confinement in the penitentiary.

The record is before us without statement of facts. Appellant filed an application for continuance on the ground of the absence of a witness by whom he expected to prove an alibi. It is not necessary in the disposition we make of the case to set out the proposed testimony of the absent witness. Under authority of Stephens v. State, 69 Texas Crim. Rep. 379, 154 S. W. Rep. 1001; Dove v. State, 36 Texas Crim. Rep. 105 we are of the opinion that the application was insufficient on its face. We do not discuss that phase of the matter however, because it has been held by this court on numberless occasions that in the absence of a statement of facts the court can not review an alleged error in refusing a continuance for absent witnesses. Many cases will be found collated under Article 844, Vernon's C. C.

P., note 7, page 814.   The reason for such holding is apparent when we bear in mind the last provision of subdivision 6 of Article 608, Vernon's C. C. P. relative to continuances.   The clause referred to provides:

"That should an application for continuance be overruled, and the defendant convicted, if it appear upon the trial that the evidence of the witness or witnesses named in the application was of a material character, and that the facts set forth in said application were probably true, a new trial should be granted, and the cause continued for the term or postponed to a future day of the same term."

Where the court has overruled an application for continuance, in determining whether an error was committed by such action, upon hearing of a motion for new trial he must necessarily take into consideration all the evidence adduced on the trial   We must presume that the trial judge did that in this instance, and in the absence of a statement of facts showing the evidence, we are not in a position to review his action.

The judgment of the trial court is affirmed.

*Affirmed.*