PEGGY FRAZIER v. THE STATE.

No. 6951.  Decided May 24, 1922.

Rehearing denied December 20, 1922.

**1.—Theft—Other Offenses—Evidence—Relations of Parties.**

Upon trial of theft over the value of $50, there was no error in the instant case to permit the State to show the theft of two other coat suits from a nearby store to that from which the coat suits were taken in the instant case; in order to show the relations between the defendant and her co-defendant, as acting together in the commission of the theft for which she was upon trial, following Simms v. State, 10 Texas Crim. App., 165, and other cases.  The testimony was admissible also, in rebuttal to the claim of defendant that she was a sick stranger, casually being assisted by her co-defendant.

**2.—Same—Rehearing—Rule of Evidence—Other Offenses.**

A re-examination of the record in the light of appellant's motion for rehearing reveals no transgression of the rule of evidence forbidding the proof of other offenses.

Appeal from the District Court of Ellis.  Tried before the Honorable W. L. Harding.

Appeal from a conviction of theft of the value over fifty dollars; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. L. Stone, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Ellis County of theft of property of the value of more than fifty dollars, and her punishment fixed at two years in the penitentiary.

There is sufficient evidence in the record to show that about the date alleged in the indictment one W. E. Frazier took from the store of Cheeves Brothers in Waxahachie two ladies coat suits of the value of more than fifty dollars.  He was seen in the store and near the racks containing the ladies suits; was then seen leaving the store hurriedly with something wrapped up in his raincoat, and to run from said store across the street and down an alley, and was then seen in various places by parties until he crawled in under some under-brush near a hedge from which he emerged later and at which place was found the two coat suits which were identified as those taken from the Cheeves Brothers' store.  When W. E. Frazier was in said store this appellant was near him.  She was looking at the coat suits, among which were those alleged to be stolen, and he was sitting at a near-by table on which was a raincoat.  When he left the store on said occasion, appellant was leaning on his shoulder and having one arm

down in a position behind the arm under which he had his rain coat, in which were apparently rolled the two coat suits in question. Appellant and the man separated at the door of said store, going in different directions, and when appellant was accosted a little later she denied knowing W. E. Frazier, or having had anything to do with him, but insisted that she was taken suddenly sick in said store and asked him to asist her out of same, which he did.

The chief complaint of appellant is that the State was permitted to show the theft of two other coat suits from a nearby store to that of Cheeves Brothers, it being claimed that this was an extraneous crime and did not shed any legitimate light upon the transaction in question.

In Section 2347 of Branch's Ann. P. C. many cases are cited in support of the following statement:

"Proof of other offenses is admissible if such proof is a part of the res gestae of the alleged offense for which defendant is being tried, or if it tends to show intent when intent is an issue, or serves to prove identity when identity is an issue, or when it is sought to show the guilt of defendant by circumstantial evidence and such proof of another offense connects or tends to connect the defendant with the alleged offense for which he is being tried, or when it tends to defeat the defensive theory. Kelley v. State, 31 Texas Crim. Rep., 211, 20 S. W. 365; Dawson v. State, 32 Texas Crim. Rep., 552, 25 S. W. 21; Mixon v. State, 31 S. W. 408; Fielder v. State, 40 Texas Crim. Rep., 187, 49 S. W. 376; Camarillo v. State, 68 S. W. 795; Bright v. State, 74 S. W. 912; Perry v. State, 78 S. W. 13; Penrice v. State, 105 S. W. 797; Johnson v. State, 52 Texas Crim. Rep., 202, 107 S. W. 52; Snodgrass v. State, 76 Texas Crim. Rep., 480, 148 S. W. 1095; Stephens v. State, 69 Texas Crim. Rep., 379, 154 S. W. 1001; Serrato v. State, 74 Texas Crim. Rep., 413, 171 S. W. 1142; Johns v. State, 76 Texas Crim. Rep., 303, 174 S. W. 610; Nowlin v. State, 67 Texas Crim. Rep., 451, 175 S. W. 1070."

There was no evidence introduced in the instant case on behalf of appellant. From special charges asked by her counsel, which appear in the record, it is evident that the theory of the defense was that if there was any theft of the property of Cheeves Brothers, that this appellant was not shown to be connected with same. The question before us is,—was the evidence of the finding under the seat of a car in the alley in the rear of Cheeves Brothers' store, of two women's new coat suits, which had that same day been stolen from the Fair, a store two doors from that of Cheeves Brothers, admissible for any purpose in this case? Many authorities hold that in cases of circumstantial evidence the mind seeks to explore every possible source from which any light, however feeble, may be derived. Branch's Ann. P. C., Sec. 1872. Every circumstance reasonably calculated to illuminate the transaction in question, and to make probable the guilty connection therewith of the accused, should be allowed to go to the · jury. Simms v. State, 10 Texas Crim. App. 165; Bailey v. State, 65

Texas Crim. Rep., 1, 144 S. W. Rep., 1005; Durfee v. State, 73 Texas Crim. Rep., 165, 165 S. W. Rep., 182; Early v. State, 50 Texas Crim. Rep., 344. Any competent evidence which tends to rebut or defeat the defensive theories urged, is admissible. Craig v. State, 23 S. W. Rep., 1108; Stovall v. State, 97 S. W. Rep., 93.

Applying the rules just mentioned we observe that any evidence, the legitimate effect of which would be to show the relationship between appellant and W. E. Frazier, or an acting together between them in fraudulent enterprises having for their object the taking of property at or about the time of the theft charged herein, would seem to be admissible to rebut the defensive theory, and to show her connection with W. E. Frazier in this theft enterprise. There was shown to be, at the time of the alleged theft herein, a Buick car in the alley in the rear of the Cheeves Brothers' store. Directly after appellant and W. E. Frazier left said store and appellant walked up the street, she asked a Mr. Handley to get her Buick car for her as she was sick. Handley testified that the car was back of Cheeves Brothers' store but he did not go get it as about this time the people from Cheeves Brothers came up to where appellant was. The officers who took into their possession said Buick car testified that in the body of the car and between the seats they found a woman's cloak and cap, which cloak and cap were delivered to appellant while in jail at her request, and apparently were appropriated by her as her own. Said officers also testified that under the back seat of said car they found two women's new coat suits, which were directly identified by the management of the Fair store as having been taken from their place that day. We also further state without going into details, that there was ample evidence to support the theory that the car in question was occupied, used and claimed on the day of the alleged theft by appellant and W. E. Frazier. When they made bond after their arrest for this theft, they left the city of Waxahachie in said car together. To further show a guilty acting together in the taking of Cheese Brothers' property, and that they, as the apparent owners of said car, were engaged in fraudulent transactions at or about the time of the alleged theft herein, we think it permissible to prove that in their said car, and a few moments after their being together in Cheeves Brothers' store on the occasion of the taking of the property herein alleged to have been stolen, was found other property shortly theretofore stolen. It was necessary for the State not only to show the presence of the appellant in the store and at the time of the alleged theft by W. E. Frazier, but also to show her guilty connection with him in the transaction, that is, her participation with him in whatever fraudulent intent he may have had in the taking of the property. The unqustioned proof having shown the parties together, at the time of the alleged theft, any other evidence which tended to show thefts by either one committed in such manner as to raise the reasonable probability of the knowledge and connivance of the other, would be admissible as

a circumstance shedding light upon the purpose of said parties in being together, and in what they did at the time alleged in the transaction here under investigation.

We are further of opinion that while the fact of the possession of other recently stolen property was admisible as showing the appellant's connection with W. E. Frazier was not that of a sick stranger casually assisted by W. E. Frazier from the store, but was that of one actuated by the same fraudulent intent as his, so that the court need not have limited the effect of said evidence to the one question of intent, that still such limitation in the charge of the court would be an error favorable to the accused and of which she could not complain.

This disposing of the questions here presented on behalf of appellant, and finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING

December 20, 1922.

MORROW, Presiding Judge.—A re-examination of the record in the light of appellant's motion for rehearing reveals no transgression of the rule of evidence forbidding the proof of other offenes. The facts in the record, and sufficiently stated in the original opinion, bring the instant case within well-defined exceptions to the rule mentioned.

The motion for rehearing is therefore overruled.

*Overruled.*