**Moises L. SAMORA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44423.**

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

Allen Moore, Odessa, for appellant.

John H. Green, Dist. Atty., and J. A. Bobo, Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary; the punishment, enhanced under Article 63, Vernon's Ann. P.C., life.

Appellant's sole ground of error is that "The indictment, which is the basis of this prosecution against him is fundamentally defective, in that the indictment contains *no* description of the property alleged to have been taken other than 'corporeal personal property'."

Appellant recognizes and cites cases in his brief "that a burglary indictment need not describe property alleged to have been taken. Stephens v. State, 69 Tex.Cr.R. 379, 154 S.W. 1001 (1913); Summers v. State, 9 Tex.Cr.App. 396 (1880); Davis v. State [Tex.Cr.App.], 23 S.W. 687 (1893)." He contends that these cases should be overruled and a "more logical, fair, and reasonable attitude towards indictment for the crime of Burglary With The Intent To Commit Theft be substituted. Appellant urges this, even in view of the fact that no motion to quash appears in the record."

We overrule appellant's contention and hold that there is no requirement to describe property alleged to have been taken in a burglary indictment. To hold otherwise would be tantamount to vitiating a burglary conviction when a person was caught inside a store he had just burglarized unless it could be shown what particular item or items he intended to steal. This we decline to do.

The judgment is affirmed.