LEWIS SNODGRASS V. THE STATE.

No. 1781. Decided June 26, 1912.

**1.—Burglary—Indictment.**

While it is better practice to allege, whether the burglary was committed in daytime or night-time, such allegation is not essential to the sufficiency of the indictment. Following Conoly v. State, 2 Texas Crim. App., 412, and other cases.

**2.—Same.—Private Residence—Night-time—Daytime—Separate Offense.**

Where a private residence is burglariously entered in the daytime, the punishment is the same as for any other ordinary burglary; it is only where the burglary of a private residence is committed in the night-time that it is made a separate and distinct offense.

**3.—Same—Date of Offense—Defendant's Declaration.**

Where, upon trial of burglary, the State introduced defendant's statement that he entered the house to get something to eat, etc., there was no error in permitting the State to show that such statement was false, and in fixing the date of the burglary to show another burglary at night, the court properly limiting the testimony of the other burglary. Following Wyatt v. State, 55 Texas Crim. Rep., 74, and other cases.

**4.—Same—Charge of Court—Force—Requested Charge.**

Where, upon trial of burglary, the court properly defined the offense and that the entry must be made with actual force, etc., with the specific intent to commit theft, and refused a requested charge to acquit defendant if the intent to steal was conceived after he entered the house, there was no error, as this issue was not raised by the evidence.

Appeal from the District Court of Comanche. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of burglary; penalty two years imprisonment in the penitentiary.

The opinion states the case.

*J. P. Graham* and *B. E. Cook,* for appellant.—On question of other offenses: Barnett v. State, 99 S. W. Rep., 556; Gonzales v. State, 105 S. W. Rep., 196; Dawson v. State, 32 Texas Crim. Rep., 535.

On question intent: Harris v. State, 20 Texas Crim. Rep., 655; Merriwether, 55 Texas Crim. Rep., 135, 115 S. W. Rep., 44; Butler v. State, 52 Texas Crim. Rep., 528, 107 S. W. Rep., 840; Harris v. State, 51 Texas Crim. Rep., 564, 103 S. W. Rep., 390; Love v. State, 58 Texas Crim. Rep., 270, 124 S. W. Rep., 932.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in the opinion.

HARPER, JUDGE.—Appellant was convicted of burglarizing the house of E. T. Dabney, and prosecutes an appeal to this court.

The first complaint is that the court erred in not quashing the indictment, because it did not allege whether the burglary was com-

mitted in the daytime or night-time. It has been held by this court that it would be the better practice to so allege, though such an allegation is not essential to its validity or sufficiency. (Conoly v. State, 2 Texas Crim. App., 412; Summers v. State, 9 Texas Crim. App., 396; Gonzales v. State, 12 Texas Crim. App., 657; Carr v. State, 19 Texas Crim. App., 636.) And where a private residence is burglariously entered in the daytime the punishment is the same as for any other ordinary burglary. (Holland v. State, 45 Texas Crim. Rep., 172; Williams v. State, 42 Texas Crim. Rep., 606.) It is only the burglary of a private residence in the night-time that is made a separate and distinct offense. In this case the entry, if made, was made in the daytime as shown by all the evidence.

Mr. Dabney testified that appellant entered his house in the afternoon, and when he caught him in there that appellant claimed he had just walked from Brownwood to Comanche and was tired and hungry, and wanted something to eat. Mr. Dabney says that evening there was stolen from his bedroom a gold scarf pin. The State proved these statements of appellant by Mr. Dabney, and then to prove the falsity of the statement, that he, appellant, had just walked from Brownwood (a distance of thirty miles), it introduced Henry Durham and others and they testified that appellant was in Martin's store in Comanche that morning about 10 o'clock looking at some clothing, while the house of Dabney was entered about 4 o'clock that evening. In fixing the date, they did so by saying that Martin's store was burglarized that night. Appellant objected to this testimony on the ground that it had a tendency to prove that appellant was guilty of another and different offense. These bills as qualified by the court present no error, for the court makes it plain that the jury was informed that appellant was not being prosecuted in this or any other case for entering the Martin house. The court also instructed the jury in his charge not to consider any testimony relative to the burglary of Martin's house against this defendant. The testimony was admissible to show that the statement of appellant to Dabney why he broke and entered his house was false. This court has held that where a statement of defendant is introduced by the State as evidence of his guilt, if it includes exculpatory statements, the falsity of such statements must be proven, or they will be taken as true. The court in his approval of the bill states that it was admitted solely for the purpose of fixing the time he was in Martin's store as the day on which Dabney's house was burglarized, and that appellant's statement about walking from Brownwood was false. This testimony was properly controlled in the charge. (Wyatt v. State, 55 Texas Crim. Rep., 74 and authorities there cited; Placker v. State, 58 Texas Crim. Rep., 216, 125 S. W. Rep., 409.)

The defendant, after the above testimony had been adduced, took the stand in his own behalf, and admitted he was in Comanche and that the statement of his walking from Brownwood was false, but

denied entering the house of Mr. Dabney. He says he only went on the steps of the house and not in the house. Mr. Dabney is positive he was inside of the house, and that the screens were closed, and he could not have entered without opening the door. The court charged the jury that the offense of burglary is committed by entering a house by force with the intent to commit theft—that "the entry must be made with actual force; the slightest force, however, is sufficient to constitute breaking, such as the opening of a door that is shut." This was objected to as being upon the weight of the testimony. This was but a definition of the offense, and is not subject to the criticism made. He further instructed the jury that they must believe beyond a reasonable doubt that the entry was made with the intent to commit the specific crime of theft, and there is nothing in the evidence to suggest that if appellant did break and enter the house, the intent to steal was conceived after he entered the house, and the court did not err in refusing the special charges raising this issue. Appellant denied entering the house. Dabney says he entered it by opening the door, and a gold scarf pin was lost that evening. It is never error to refuse a charge on an issue not raised by the testimony. Defendant's testimony was a positive denial that he entered the house, and under this evidence there was no affirmative defense to present, nor suggestion that he entered the house, if he did do so, for any other purpose than theft. If he had taken food, without the consent of the owner, it would have been burglary.

We have carefully read and considered all the grounds in the motion for new trial, and none of them present reversible error.

The judgment is affirmed.

*Affirmed.*