Pedro GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 42670.

Court of Criminal Appeals of Texas.

April 22, 1970.

Walter G. Weaver, Donna, for appellant.

Oscar B. McInnis, Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for burglary of a private residence at night; the punishment, seven years.

A summary of the evidence is taken from the State's brief, and is as follows:

"The State's evidence shows that on the date of the offense, Magin Rivas, the injured party, owned a grocery store and residence located a few feet apart in Donna, Hidalgo County, Texas. A few minutes before 8:00 P.M., Appellant was in the store near the back talking to the butcher, Adolfo Perez, who had known him many years. At that time he appeared to be drinking and was talking 'Pachuco language.' The butcher talked to him five or ten minutes, suggested he go home and returned to his work. Appellant had requested some beer; and when last observed by the butcher, he was about six or seven feet inside the store from a side door which led directly a few feet distance to a door of the Rivas residence. About fifteen minutes later, Mrs. Rivas entered the store and reported some one in their residence. Mr. Rivas, who was working in the store at the time, ran to his residence and discovered a person inside whom he identified in Court as being the Defendant. At the time, Appellant had on a coat and hat belonging to the injured party which were in the house. After a struggle in which Mr. Rivas struck the intruder in the back of the head with a pair of spurs, the Appellant, wearing the coat, ran out of the house by the same door at which he had apparently entered, and in doing so was seen and identified by the witness Adolfo Perez. The coat, a pack of beer and one of the injured party's shoes were recovered in the back yard of his residence. Mr. Rivas' hat which the Appellant was wearing, a matching shoe to the one found in the yard and a strange shoe which was tried and fit the Appellant in Court were found where the struggle occurred in the kitchen of the residence. About thirty minutes later, the Appellant was arrested in his automobile a short distance away. At the time of his arrest, he was barefoot, bleeding from two small puncture wounds on the back of his head and apparently, under the influence of alcohol. About three hours later, he was examined by a doctor who testified that the wounds were consistent with having been made with one of the spurs and that she did not observe anything unusual about Appellant's physical condition at that time.

"The Appellant admits that he was attacked, but denies that it occurred inside the Rivas residence. Rather, he testified that he was in the vicinity relieving himself when the attack occurred, and thereafter, he ran away."

■ In the first ground of error, appellant complains that the capias issued recited that appellant be arrested to answer to an indictment charging him with "Burglary PRNT", and that such capias was illegal.

Appellant was not prosecuted on the capias but on an indictment which charged him with the offense of burglary of a private residence at night. No evidence was obtained or admitted because of the capias. Assuming that the abbreviation "PRNT" for private residence at nighttime made the capias insufficient, no injury or harm has been shown.

The first ground of error is overruled.

■ In the second ground of error, it is contended that there was jury misconduct and reversible error, because when the jury was deliberating on punishment, it sent in the following question to the court, "At what per cent of his sentence would he be eligible for parole as a repeater?"[1] The

1. A prior conviction had been alleged in the indictment for enhancement.

court recalled the jury to the courtroom and gave the following instruction:

"Ladies and Gentlemen of the Jury:

"In answer to your question, you are instructed that you are not to discuss among yourselves how long the accused will be required to serve the sentence. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor and are not to be considered by the Jury."

The jury then returned a verdict of seven years. A like situation was presented in De La Rosa v. State, 167 Tex.Cr.R. 28, 317 S.W.2d 544, and it was held that the action of the court was proper. The asking of the question, by itself, does not show jury misconduct.

The second ground of error is overruled.

■ Complaint is made in the third ground of error that the court erred in entering a judgment reciting that the conviction was for "Burglary PRNT." The same abbreviation was used in the sentence.

Article 44.24, Vernon's Ann.C.C.P., provides that this Court may reform and correct the judgment as the law and the nature of the case require. See Kennimer v. State, 124 Tex.Cr.R. 94, 60 S.W.2d 449, and Bowie v. State, Tex.Cr.App., 401 S.W.2d 829.

The indictment alleged and the jury found that appellant committed the offense of burglary of a private residence at night. No reversible error has been shown.

The third ground of error is overruled.

■ Reversal is sought in the fourth ground of error, because a chain of custody was not shown before the shoes, coat, hat and spurs were introduced into evidence.

The alleged injured party identified the exhibits as his property. He testified that when he went into his home the burglar was inside wearing the hat and coat, and after a struggle the intruder left wearing the coat and, apparently, one of the shoes. The positive identification by Rivas obviated the necessity for proving the chain of custody of these exhibits. See Andrews v. State, Tex.Cr.App., 436 S.W.2d 546; Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781; Fulcher v. State, 163 Tex.Cr.R. 177, 289 S.W.2d 588.

■ In the fifth ground of error, it is contended that the court, at the guilt stage of the trial, erred in refusing to instruct the jury that if appellant was unable to form an intent to commit theft by reason of intoxication to acquit him.

Appellant testified that he was intoxicated and did not intend to steal. The contention that intoxication would prevent an accused from forming the intent to commit the crime is in conflict with Article 36, Vernon's Ann.P.C., which provides that intoxication is no defense to crime. Kelly v. State, Tex.Cr.App., 442 S.W.2d 726; Cohron v. State, Tex.Cr.App., 413 S.W.2d 112; Dubois v. State, 164 Tex.Cr.R. 557, 301 S.W.2d 97.

The fifth ground of error is overruled.

■■ Appellant complains in the sixth ground of error that the court erred in refusing to instruct the jury that if appellant entered the house for any other purpose than to commit theft to acquit him.

Appellant testified that he did not enter the house. The evidence does not raise an affirmative defense that he entered the house for any other purpose. Snodgrass v. State, 67 Tex.Cr.R. 451, 148 S.W. 1095. The act of breaking and entering a house at nighttime raises a presumption in a burglary prosecution of an intent to steal. Sikes v. State, 166 Tex.Cr.R. 257, 312 S.W.2d 524; Briones v. State, Tex.Cr.App., 363 S.W.2d 466; Bonner v. State, Tex.Cr.App., 375 S.W.2d 723.

Absent evidence raising an affirmative defense, the court did not err in refusing the charge; the sixth ground of error is overruled.

The judgment and sentence, based upon the indictment, charge and verdict, are reformed to show that the conviction was for burglary of a private residence at night.

The judgment, as reformed, is affirmed.