Arthur H. STAGGS, Appellant,

v.

The STATE of Texas, Appellee.

No. 47205.

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

Ben D. Sudderth and James H. Dudley, Comanche, for appellant.

Harold Hollingsworth, County Atty., and Arthur Miller, Asst. County Atty., Kaufman, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

**588**

## OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of murder with malice. The jury assessed his punishment at 20 years' imprisonment.

Appellant raises two grounds of error on this appeal. Both relate to the court's charge at the guilt-innocence stage of the trial. It is appellant's contention that his objections to the charge should have been sustained for the reason that the charge contained an instruction which informed the jury of the penalty for murder with malice and of the penalty for murder without malice. He urges that this not only contravened Art. 37.07, Sec. 2(a), V.A.C. C.P., as amended in 1967, but that it also rendered it impossible for the jury to ignore the issue of punishment in determining his guilt or innocence of the murder.[1]

The contention urged by appellant has been raised before this Court several times, and we have repeatedly held that, although the inclusion of information regarding punishment in the charge at the guilt-innocence stage is improper, the error is not such as to require reversal. See Cobbs v. State, 495 S.W.2d 900 (Tex.Cr. App.1973); Cook v. State, 488 S.W.2d 822 (Tex.Cr.App.1972); Gonzales v. State, 466 S.W.2d 772 (Tex.Cr.App.1971); and Harris v. State, 457 S.W.2d 903 (Tex.Cr.App. 1970), reversed on other grounds, 403 U.S. 947, 91 S.Ct. 291, 29 L.Ed.2d 859.

In Cook v. State, supra, this Court observed that the trial court should not instruct the jury as to penalty at the guilt-innocence stage, but the inclusion of such information would not be reversible error since at voir dire the prosecution would have the right to inform the prospective jurors about the range of punishment applicable in the case. The same reasoning applies to the case at bar.

The judgment is affirmed.

---

1. The appellant makes no complaint regarding the propriety of submitting the issue of malice to the jury at the guilt-innocence stage of the trial. See and compare Marrero v. State, Tex.Cr.App., 500 S.W.2d 818 (Delivered November 7, 1973); Brazile v. State, 497 S.W.2d 302 (Tex.Cr.App.1973) and Foster v. State, 493 S.W.2d 812 (Tex.Cr.App. 1973).