Christopher M. Longoria v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-209-CR

     CHRISTOPHER M. LONGORIA,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 278th District Court
Madison County, Texas
Trial Court # 10,075
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Christopher M. Longoria, an inmate, was convicted of assaulting a prison guard. He was
sentenced to three years in prison. Longoria appeals this conviction and sentence. We affirm.
Background
      Longoria was identified as having assaulted Officer Wheaton, a prison guard at the Ferguson
Unit, during a fight that initially began between another inmate, Gilberto Cortez, and another
prison guard, Officer White. An inmate jumped on Wheaton’s back while he was attempting to
assist White in subduing Cortez. Other inmates then joined in. During the fracas, Wheaton’s eye
was scratched to the extent that it required surgery to repair a detached retina. Another officer
identified Longoria as the inmate who injured Wheaton.
Continuance
      In his first issue, Longoria believes the trial court erred in denying a continuance during trial
due to an absent witness. He argues that Article 29.13 of the Code of Criminal Procedure
authorized his continuance during trial. See Tex. Code Crim. Proc. Ann. art. 29.13 (Vernon
1989). That article provides:
A continuance or postponement may be granted on the motion of the State or defendant
after the trial has begun, when it is made to appear to the satisfaction of the court that by
some unexpected occurrence since the trial began, which no reasonable diligence could
have anticipated, the applicant is so taken by surprise that a fair trial cannot be had.

Id. We review the trial court’s decision for an abuse of discretion. See Martinez v. State, 867
S.W.2d 30, 41 (Tex. Crim. App. 1993).
      A priest had apparently been conducting Mass at the time the incident between Cortez and
White began. At the end of the State’s case-in-chief, Longoria mentioned to the trial court that
he would need to call the priest as a witness. Longoria did not ask for a continuance based on this
need at that time. The first day of trial concluded during Longoria’s presentation of his witnesses. 
The next day, he continued his case. Prior to calling his last two witnesses, he informed the trial
court that the priest would be the next witness, and the investigator who had been sent that
morning with a subpoena to serve him had not yet returned with the priest. The court recessed
for an unknown amount of time so the priest could be located. After the break, Longoria
requested a continuance because the priest could not be found. The trial court denied the request. 
Longoria further explained to the court that the priest had been interviewed but was reluctant to
testify. He had been promised that he would not be called as a witness unless it was necessary. 
The trial court again denied the requested continuance.
      At the end of his case, Longoria again asked for a continuance to be able to locate the priest. 
He offered the priest’s affidavit, stating the priest would testify that he did not see anything and
did not see the inmate, meaning Gilberto Cortez, resisting. Longoria believed this testimony was
necessary to show that the State’s witnesses had committed perjury. There was no indication that
the priest witnessed any part of the incident between Longoria and Wheaton. The court denied
the motion.
      Under the circumstances of this case, the unavailability of the priest was not an “unexpected
occurrence since the trial began, which no reasonable diligence could have anticipated,” and
Longoria was not “so taken by surprise that a fair trial” could not be had. See id.; Tex. Code
Crim. Proc. Ann. art. 29.13 (Vernon 1989). Longoria’s first issue is overruled.
Motion For Mistrial
      Longoria took the stand and testified that he did not jump on or strike officer Wheaton. On
cross-examination, the following occurred:
      State:          When they were investigating this incident, did they talk to you about it?
 
      Longoria:    Well, they talked to everybody. Is that what you mean?
 
      State:          Yeah.
 
      Longoria:    They talked to everybody.
 
      State:          You didn’t give them a statement, did you?

Longoria objected, and the trial court sustained the objection. The court instructed the jury to
disregard the last statement. Longoria requested a mistrial which was overruled. In his second
issue, Longoria contends that the trial court erred in overruling his motion for mistrial because the
State commented, by its question, on Longoria’s post-arrest silence.
      Because the trial court sustained Longoria’s objection to the State’s question, we need not
decide whether that action was correct. Instead, we will presume its ruling was correct and focus
only on whether the court’s denial of Longoria’s motion for mistrial was error.
Prejudice Cured?
      Potential prejudice resulting from a comment on post-arrest silence might be cured by an
instruction to disregard. Waldo v. State, 746 S.W.2d 750, 754 (Tex. Crim. App. 1988). An
instruction to disregard will be presumed effective unless the facts of the case “suggest[s] the
impossibility of withdrawing the impression produced on the minds of the jury[.].” Id. (citing
Hatcher v. State, 43 Tex. Crim. 237, 65 S.W. 97, 98 (1901)). The effectiveness of a curative
instruction is determined on a case-by-case basis. Fletcher v. State, 852 S.W.2d 271, 275 (Tex.
App.—Dallas 1993, pet. ref’d).
      Although not expressly adopted as exhaustive or definitive, the Court of Criminal Appeals has
relied on several factors to determine whether an instruction to disregard cured the prejudicial
effect of the comment. Waldo, 746 S.W.2d at 754. They are as follows:
      1.   The nature of the error;
      2.   The persistence of the prosecution in committing the error;
      3.   The flagrancy of the violation;
      4.   The particular instruction given;
      5.   The weight of the incriminating evidence; and
      6.   The harm to the accused as measured by the severity of the sentence.
Id. We shall also rely on these factors. See Veteto v. State, 8 S.W.3d 805, 811 (Tex.
App.—Waco 2000, pet. ref’d); Mendoza v. State, 959 S.W.2d 321, 324 (Tex. App.—Waco 1997,
pet. ref’d).
      Nature of the Error
      The nature of the error, if any, made by the prosecutor is not such that an instruction to
disregard can never cure it. Veteto, 8 S.W.3d at 811.
      Persistence and Flagrancy
      Although Longoria was in prison at the time on a different offense, it is not clear that he had
been “arrested” for the assault on Wheaton. The State did not ask again whether Longoria had
made a statement to officials denying his involvement in the assault. Arguably, the State may have
been pursuing the same theme when Longoria was subsequently asked, “You’re testifying here
today, though, aren’t you?” However, no objection was raised regarding this question, and no
other comment was made by the State regarding Longoria’s post-arrest silence. Based on the facts
shown from the record, we do not believe the State persistently or flagrantly pursued an improper
line of questioning.
      Particular Instruction
      An instruction specifically informing the jury to disregard the last comment has been held to
be adequate. Waldo, 746 S.W.2d at 755-756. Likewise, an instruction that the court assumed the
jury would follow the court’s instructions and not consider the line of questioning has also been
held to be adequate. Fletcher, 852 S.W.2d at 275. Here, the trial court instructed, “Jury is
instructed to disregard that last statement.” We find this to be an adequate instruction.
      Weight of Incriminating Evidence
      A prison guard identified Longoria as the inmate who scratched Wheaton’s eye. Longoria
denied committing the assault. Immediately prior to being asked whether he made a statement,
he was asked if anyone spoke to him about the assault. He responded, “they talked to
everybody.” This gives the implication that a statement was given. Under these particular
circumstances, the inference by the State’s next question to Longoria’s silence could not have been
given much, or any, weight by the jury as evidence of his guilt.
      Severity of Punishment
      Longoria was convicted of assault of a public servant, a third degree felony. Tex. Pen. Code
Ann. § 22.01(b)(1) (Vernon Supp. 2001). Punishment for a third degree felony is imprisonment
for two to ten years and a fine of up to $10,000. Id. § 12.32 (Vernon 1994). Longoria received
a three year sentence and no fine. We are unable to conclude that the question by the State caused
an improper increase in Longoria’s punishment.
Summary of Considerations
      Any reference to Longoria’s post-arrest silence by the State was removed from the minds of
the jury by the court’s instruction to disregard. The instruction effectively cured the prejudice,
if any, caused by the State.
      The court did not err in overruling Longoria’s motion for mistrial. His second issue is
overruled.
Charge Error
      In his third issue, Longoria complains that the trial court erred in overruling his objections
to the jury charge in the guilt/innocence phase. Specifically, Longoria objected to the charge
because it included the classifications of the primary offense and the lesser offense. The court and
State explained that the classifications were needed to distinguish the two offenses. Both were a
form of assault.
      The Court of Criminal Appeals has held that this type of charge is improper. Moreno v.
State, 541 S.W.2d 170, 172 (Tex. Crim. App. 1976); Staggs v. State, 503 S.W.2d 587, 588 (Tex.
Crim. App. 1974). However, it has also held that “the error is not such as to require reversal.” 
Moreno, 541 S.W.2d at 173; Staggs, 503 S.W.2d at 588. The Court reasoned that because the
prosecution has the right to inform the prospective jurors during voir dire about the range of
punishment applicable in the case, the inclusion of such information in the jury charge would not
be reversible error. Staggs, 503 S.W.2d at 588.
      Longoria’s third issue is overruled.
Conclusion
      Having overruled all issues presented for review, the trial court’s judgment is affirmed.
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed April 11, 2001
Do not publish