

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00234-CR

April **TOLBERT-DAVIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CR-4920
Honorable Jefferson Moore, Judge Presiding

Opinion by:   Lori I. Valenzuela, Justice

Sitting:      Beth Watkins, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: February 14, 2024

AFFIRMED

A jury found appellant April Tolbert-Davis guilty on one count of evading arrest/detention with a vehicle. During the guilt-innocence phase of Tolbert-Davis's trial, the jury sent a note to the trial court inquiring into the range of punishment if it was to convict. The trial court substantively answered the jury's question. In one appellate issue, Tolbert-Davis argues the trial court's response amounted to an improper jury instruction and interjected outside influence on the jury, resulting in jury misconduct. We affirm.

## BACKGROUND

On May 15, 2018, Tolbert-Davis was indicted on one count of evading arrest/detention with a vehicle. Tolbert-Davis's case proceeded to a jury trial where she elected to have the jury assess punishment. After the trial on the merits, the trial court charged the jury, and the jury retired to deliberate at 2:50 p.m.

At 3:34 p.m., the jury sent the trial court a note asking:

> In regards to serving punishment, does the sentence allow for probation without imprisonment or is 2–10 years in prison the only allowable punishment?

After reading the question aloud to the parties outside the jury's presence, the trial court proposed the following response:

> I'm going to bring [the jury] in and I'm going to reread to them the second to last paragraph of the charge, which is "Your sole duty at this time is to determine whether the defendant is guilty or not guilty under the indictment in this cause and restrict your deliberations to the issue of whether the defendant is guilty or not guilty and nothing else." And then I'm also going to add and say, "ladies and gentlemen, we are not at the sentencing phase—and we may never get to a sentencing phase. But if we do, the range of punishment is anywhere from probation all the way up to ten years with a $10,000 fine." Any objections from either side?

Tolbert-Davis objected, arguing that the "only issue before the jury should be guilty or not guilty." The trial court overruled her objection. The jury entered the courtroom, orally received the instruction from the trial court, and then retired to continue deliberating. Approximately an hour later, the jury sent another note to the trial court asking, "What do we do if the jury cannot reach a unanimous verdict?" The trial court gave the jury an *Allen* charge and then released the jury for the day. *See Allen v. United States*, 164 U.S. 492, 501–02 (1896).

The jury returned the next day and continued deliberating. Two hours into deliberating, the jury sent a third note to the trial court: "The jury cannot come to a unanimous verdict. No further questions." The trial court instructed the jury to continue deliberating. Forty-five minutes later, the jury sent a fourth note to the trial court requesting documents referenced during trial, trial

transcripts, and materials to take notes. The trial court provided the jury with note-taking materials and instructed the jury that they had all the evidence before them.

After further deliberations, the jury found Tolbert-Davis guilty. The jury assessed her punishment at two years' confinement with no fine and recommended the trial court suspend the sentence and place Tolbert-Davis on community supervision. The trial court entered judgment on the jury's verdict.

On appeal, Tolbert-Davis argues the trial court erred by providing a substantive response to the jury's first note. Tolbert-Davis contends the trial court's response amounts to the trial court being an outside influence on the jury, resulting in jury misconduct. The State argues the trial court properly instructed the jury to restrict its deliberations during the guilt-innocence phase of trial, and the trial court's response on the range of punishment was a correct summation of the law. In the alternative, the State concludes that even if the response to the jury's first note was improper, any error was harmless.

### APPLICABLE LAW AND ANALYSIS

"The jury is bound to be governed by the law it receives from the court." *Lucio v. State*, 353 S.W.3d 873, 875 (Tex. Crim. App. 2011); TEX. CODE CRIM. PROC. art. 36.13. Although the jury normally receives the entirety of its instructions before deliberations begin, the trial court may give further instructions "upon the jury's written request for additional guidance regarding applicable law." *Lucio*, 353 S.W.3d at 875. "When the trial court responds substantively to a question the jury asks during deliberations, that communication essentially amounts to a supplemental jury instruction, and the trial court must follow the same rules for impartiality and neutrality that generally govern jury instructions." *Id.* We review the decision to give supplemental instructions for an abuse of discretion. *Martinez v. State*, 131 S.W.3d 22, 40 (Tex. App.—San Antonio 2003, no pet.).

Here, because the trial court's response to the jury's first note provided substantive guidance on the applicable range of punishment if the jury was to convict, the response amounts to a supplemental instruction. *Lucio*, 353 S.W.3d at 875. Accordingly, we review the supplemental instruction in the same manner as we review language contained in an original charge. *Id*. That is, "we review alleged charge error by considering two questions: (1) whether error existed in the charge; and (2) whether sufficient harm resulted from the error to compel reversal." *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). Generally, "although the inclusion of information regarding punishment in the charge at the guilt-innocence stage is improper, the error is not such as to require reversal." *Staggs v. State*, 503 S.W.2d 587, 588 (Tex. Crim. App. 1974).

Over Tolbert-Davis's objection, the trial court improperly provided the jury with substantive guidance regarding the range of punishment in its supplemental instruction. *See id*. For two reasons, however, we hold the trial court's improper instruction does not amount to reversible error. First, "the error is not such as to require reversal because the prosecution has the right to inform the prospective jurors about the range of punishment applicable in the case." *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (quoting *Staggs*, 503 S.W.2d at 588). Because Tolbert-Davis elected to have the jury assess punishment, the jury was made aware of the range of punishment because the prosecution informed the jury of it during voir dire. Second, the jury's prolonged deliberations into the afternoon and throughout the next morning after receiving the supplemental instruction suggest the supplemental instruction did not result in juror misconduct. *See Mixon v. State*, 481 S.W.3d 318, 327 (Tex. App.—Amarillo 2015, pet. ref'd) (observing "the jury continued to deliberate for an additional one hour and seventeen minutes . . . suggesting that the jury did continue deliberations rather than come to a decision following a simple acquiescence by the minority jurors."). Thus, the inclusion of the range of punishment in

the trial court's supplemental instruction did not amount to the level of harm required to compel reversal. *Staggs*, 503 S.W.2d at 588; *Ngo*, 175 S.W.3d at 744.

Notwithstanding, Tolbert-Davis contends the trial court's substantive response to the first jury note manifested outside influence on the jury, resulting in jury misconduct. For Tolbert-Davis to preserve her complaint of jury misconduct, the basis of her objection must have been "sufficiently specific to alert the trial court to the nature of the complaint unless the grounds were apparent from the context." *Laws v. State*, 640 S.W.3d 227, 229 (Tex. Crim. App. 2022); TEX. R. APP. P. 33.1(a)(1)(A). "To preserve error caused by juror misconduct, the defendant must either move for a mistrial or file a motion for new trial supported by affidavits of a juror or other person in a position to know the facts alleging misconduct." *Castillo v. State*, 319 S.W.3d 966, 970 (Tex. App.—Austin 2010, pet. ref'd); *see also Garcia v. State*, 453 S.W.2d 822, 823–24 (Tex. Crim. App. 1970) (noting a question by the jury regarding punishment during the guilt-innocence phase of a trial does not, by itself, constitute jury misconduct).

We have already addressed her objection and find, as Tolbert-Davis concedes, that her request for a mistrial was due to the length of time the jury was deliberating—not because of alleged jury misconduct. Additionally, Tolbert-Davis failed to file a motion for new trial raising this argument. Therefore, we find Tolbert-Davis did not preserve this complaint for our review. *See id.*

Finally, we note that, before the trial court gave the jury the supplemental instruction, the trial court reminded the jury of its duty during guilt-innocence deliberations. The trial court also specifically instructed the jury not to consider the range of punishment while deliberating guilt-innocence. It is generally presumed "that the jury follows the trial court's instructions in the manner presented." *Wilson*, 391 S.W.3d at 139. While this is a rebuttal presumption, Tolbert-Davis

bore the burden of providing evidence that the jury failed to follow the court's instructions. *See id.*

Tolbert-Davis made no attempt to do so here. Accordingly, we overrule Tolbert-Davis's sole issue.

## CONCLUSION

We affirm the judgment of the trial court.

Lori I. Valenzuela, Justice

DO NOT PUBLISH