**Affirmed as Modified and Opinion filed February 29, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00495-CR
## NO. 14-22-00496-CR

## DANTE DWAIN JONES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 337th District Court
### Harris County, Texas
### Trial Court Cause Nos. 1596829 & 1596830

## OPINION

Appellant Dante Dwain Jones appeals the revocation of his community supervision in two separate cause numbers stemming from two related charges.[1] In

---

[1] The two separate offenses arose out of the same incident on July 4, 2018, and the trial court divided the charges into two separate trial causes. Appellant's charge for possession of cocaine with intent to deliver was filed in trial cause number 1596829 and the corresponding appellate cause number is 14-22-00495-CR. Appellant's charge for possession of methamphetamine with intent to deliver was filed in trial cause number 1596830 and the corresponding appellate cause number is 14-22-00496-CR. Because both cases were handled

thirteen issues, appellant argues (1) the 337th District Court lacked jurisdiction because the indictments were handed down by the grand jury impaneled in the 182nd District Court; (2) there were errors in the State's motions to adjudicate guilt because they stated that appellant committed an offense "against the State of Texas," instead of "against the laws" of Texas; (3) the trial court erred by assessing a fine of $1,000.00 in each judgment when it did not orally pronounce the fines as part of appellant's punishment; (4) the trial court erroneously assessed court costs twice; (5) the fines should be deleted from both bills of costs because fines are not court costs; (6) one of the bills of costs should be deleted because it contains duplicative court costs assessed in both bills of costs; (7) the cases should be remanded for a hearing on appellant's ability to pay; (8) the cases should be remanded for appellant to receive an oral admonition that he is unable to possess a firearm following his convictions; (9) appellant received an incorrect admonishment concerning his ability to possess ammunition; (10) the written judgments should be reformed to reflect the trial court's correct reasons for finding appellant violated the conditions of his community supervision; (11) the judgments should be reformed to state appellant pleaded not true to the State's allegations in the motions to adjudicate; (12) the cases should be remanded for the trial court to detail how the 414 days' jail-time credit is to be credited between incarceration, fines, and costs; and (13) the cases should be remanded for the trial court to instruct appellant that his felony convictions will impair his right to vote.

The State concedes on appeal that appellant's third and sixth issues are meritorious, and we agree. We further conclude that each of the judgments includes an erroneous statement that appellant pleaded "true" to the State's enhancement allegations, an erroneous $1,000.00 fine, an incorrect date for the

together and appellant presents the same issues on appeal in both appeals, we resolve the two together in one opinion.

2

offense the trial court found appellant committed in violation of his conditions of community supervision, and an incorrect finding concerning a separate alleged violation of the conditions of community supervision that was not found to be true by the trial court. We further conclude that appellate cause number 14-22-00496-CR includes a duplicative and thus erroneous bill of costs. We modify the judgments to correct these errors and affirm as modified.

## I. BACKGROUND

On January 28, 2019, appellant pleaded guilty to (1) possession of cocaine in an amount greater than four grams but lesser than 200 grams, with an intent to deliver; and (2) possession of methamphetamine in amount greater than one gram but less than four grams, with an intent to deliver. *See* Tex. Health & Safety Code Ann. §§ 481.102, 481.112, 481.115. The trial court deferred adjudicating appellant guilty in both causes, placed appellant on community supervision for eight years for each offense, and assessed a $1,000.00 fine in each cause.

The State filed a motion to revoke appellant's community supervision in both cases, subsequently amended its motion, and alleged in its live pleading in each cause that appellant violated the conditions of his community supervision by committing an offense of sexual assault on or about October 11, 2020, and an offense of tampering with a government record on or about October 8, 2020. Appellant pleaded not true to the State's allegations.

The trial court held a hearing on the State's motion to adjudicate and found that appellant violated the conditions of his community supervision. The trial court revoked appellant's community supervision; adjudicated him guilty as to both offenses; and assessed appellant's punishment at twenty years' imprisonment for each offense, with the sentences running concurrently. On June 24, 2022, the trial court signed two judgments. These appeals followed.

## II.  TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 21.02(2)

In his first issue, appellant argues the 337th District Court lacked jurisdiction because the indictments were handed down by a grand jury impaneled in the 182nd District Court. Specifically, appellant argues that the indictments were "insufficient" and cites Texas Code of Criminal Procedure article 21.02(2).

Article 21.02 provides that for an indictment to be deemed sufficient, "[i]t must appear that the same was presented in the district court of the county where the grand jury is in session." Tex. Code Crim. Proc. Art. 21.02(2). Here, appellant's indictment was presented to a grand jury impaneled by the 182nd District Court and the grand jury handed down the indictment to the 337th District Court.[2] However, appellant concedes in his brief that he "made no argument in the trial court that the court was without jurisdiction."

This court has recently held that an argument regarding the sufficiency of an indictment under article 21.02(2) presents a non-jurisdictional, procedural challenge that must be preserved by proper and timely objection in the trial court. *See* Tex. R. App. P. 33.1(a); *see, e.g.*, *Frazier v. State*, No. 14-22-00472-CR, 2024 WL 117395, at *2 (Tex. App.—Houston [14th Dist.] Jan 11., 2024, no pet. h.); *McLeod v. State*, No. 14-22-00684-CR, 2023 WL 8263659, at *3, __ S.W.3d __, __, (Tex. App.—Houston [14th Dist.] Nov. 30, 2023, no pet. h.). We have reviewed the record and agree with appellant that he failed to object at the trial court to the alleged failure to comply with article 21.02(2). Accordingly, we overrule his first issue. *See McLeod*, 2023 WL 8263659, at *3, __ S.W.3d at __; *Frazier*, 2024 WL 117395, at *2.[3]

---

[2] Both the 182nd and the 337th District Courts are located in Harris County, Texas.

[3] We would still conclude that appellant's issue lacks merit even if he had objected at the trial court and preserved this issue for our review. *See Johnson v. State*, 562 S.W.3d 168, 172–73

### III. MOTION TO ADJUDICATE GUILT

In his second issue, appellant argues there was an error in the State's motion to adjudicate guilt because it states that he committed an offense "against the State of Texas," instead of "against the laws" of the State of Texas, as is stated in the conditions of his community supervision.

Here, the State's motions to adjudicate guilt state:

> The State would further show the said Defendant did then and there violate terms and conditions of Community Supervision by: Committing an offense against the State of Texas, to-wit; on or about October 11, 2020, in Harris County, State of Texas, Dante Jones, hereafter styled the Defendant, did then and there unlawfully commit the criminal offense of Sexual Assault of an Adult by intentionally and knowingly cause the penetration of the sexual organ of T.S., hereinafter called the Complainant, by placing the Defendant 's finger in the sexual organ of the Complainant, without the consent of the Complainant, namely the Complainant had not consented and the Defendant knew that the Complainant was unconscious and physically unable to resist.

When the State seeks to revoke community supervision based on an alleged violation of the law by the defendant, the allegations in the motion do not need to be as precise as those of an indictment, but they should give fair notice and allege a violation of the law. *Davila v. State*, 547 S.W.2d 606, 609 (Tex. Crim. App. 1977). The court looks to the motion to revoke probation, not the capias or arrest warrant, to determine what allegations are made as the basis of the revocation hearing. *Marcum v. State*, 983 S.W.2d 762, 767 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd); *see Garcia v. State*, 453 S.W.2d 822, 823 (Tex. Crim. App. 1970). As long as the motion provides adequate notice of the charges alleged, fundamental

---

(Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) ("[O]ne court may impanel the grand jury, and if an indictment is presented, the case may be filed in another court of competent jurisdiction within the same county.").

notions of fairness are satisfied, despite flaws in the motion. *Marcum*, 983 S.W.2d at 767; *see Labelle v. State*, 720 S.W.2d 101, 108–09 (Tex. Crim. App. 1986).

Additionally, errors in a motion to revoke community supervision must be pointed out to the trial court in a timely motion to quash. *Marcum*, 983 S.W.2d at 767; *see* Tex. R. App. P. 33.1(a). In the absence of such motion, any error is waived. *Marcum*, 983 S.W.2d at 767; *see* Tex. R. App. P. 33.1(a); *Gordon v. State*, 575 S.W.2d 529, 531 (Tex. Crim. App. [Panel Op.] 1978).

Appellant did not file a motion to quash based on the argument he advances on appeal.[4] Therefore, he has failed to preserve this issue for our review. *See* Tex. R. App. P. 33.1(a); *Marcum*, 983 S.W.2d at 767. Further, appellant has not made any complaint or showing on appeal that the motion failed to give him fair notice of the violation of community supervision alleged, nor does he claim that he was surprised or prejudiced by the State's live motion. *See Davila*, 547 S.W.2d at 610.

We overrule appellant's second issue.

## IV.   ASSESSED FINES

In his third issue, appellant argues the $1,000.00 fines included in the two judgments are improper because the trial court did not orally pronounce the fines as part of appellant's punishment following the adjudication of his guilt. The State agrees that it was error for the trial court to assess these fines.

A defendant's sentence must be pronounced orally in his presence. Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The written judgment is just the written declaration and embodiment of that oral pronouncement. Tex. Code Crim. Proc. Ann. art. 42.03, § 1; *Taylor*, 131 S.W.3d at 500. When there is a conflict between the oral

---

[4] Appellant filed a motion to quash advancing other arguments not presented on appeal.

pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500.

Here, the order granting appellant deferred adjudication was set aside, and he was sentenced after his guilt was adjudicated. *See id.* at 502. At that time, the trial court did not orally pronounce a fine as part of appellant's punishment, but it included a $1,000.00 fine in each of the written judgments. Because the trial court did not orally assess a fine as part of appellant's sentence after his guilt was adjudicated, we conclude that the trial court erred when it included a $1,000.00 fine in each of the written judgments. *See id.*; *Frazier*, 2024 WL 117395, at *5. We sustain appellant's issue and delete the fines from both judgments.

## V. COURT COSTS

In his fourth issue, appellant argues the trial court erroneously assessed court costs twice by assessing court costs for the proceeding that placed him on community supervision and again when his supervision was revoked. In its sixth issue, appellant argues the court costs in one of the bills of costs should be removed because they are duplicative of court costs assessed in the other cause. We address these two issues together.

### A. COURT COSTS FOR REVOCATION PROCEEDING

Appellant does not challenge any of the court costs assessed by the trial court as unauthorized by statute; rather, appellant only argues that the court costs assessed for the revocation hearing should be reversed because he was previously assessed court costs for the proceeding that placed him on community supervision.

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. *See* Tex. Code Crim. Proc. Ann. arts. 42.15 (requiring convicted defendant to pay court costs when punishment is only fine), 42.16 (requiring

7

convicted defendant to pay court costs when punishment is something other than fine); *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). The statutes authorizing the assessment of court costs upon conviction explain that a defendant is convicted when a judgment imposing a sentence has been entered or when his adjudication of guilt has been deferred. *See, e.g.*, Tex. Code Crim. Proc. Ann. art. 102.017(c) (explaining that person is convicted for purpose of imposing fees if "court defers final disposition of the person's case," if sentence has been imposed on the person, or if the person "receives community supervision, including deferred adjudication"); *see also* Tex. Local Gov't Code Ann. § 133.101 (stating that person is convicted if "a judgment, a sentence, or both . . . are imposed on the person"; if "the person receives community supervision, deferred adjudication, or deferred disposition"; or if "the court defers final disposition of the case or imposition of the judgment and sentence"); *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009) (stating that court costs were intended by the Legislature as a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case).

The court costs assessed for the proceeding revoking appellant's community supervision and adjudicating him guilty are intended to recoup the costs of judicial resources that were consumed in the process of adjudicating appellant guilty and revoking his community supervision. *See Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (stating that "court costs are considered 'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'" (quoting *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011))). We conclude that it was not error for the trial court to assess court costs for the proceeding revoking appellant's community supervision and adjudicating him guilty.

We overrule appellant's fifth issue.

## B.   COURT COSTS FOR EACH OFFENSE ADJUDICATED

In its sixth issue, appellant argues the court costs and fees in one of the bills of costs should be removed because they are duplicative of the court costs and fees assessed in the other cause. The State concedes that it was error for the trial court to assess court costs and fees twice. We agree.

"In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee *only once* against the defendant." Tex. Code Crim. Proc. Ann. art. 102.073(a). "[E]ach court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." *Id.* art. 102.073(b); *see, e.g.*, *Robinson v. State*, 514 S.W.3d 816, 828 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) ("We agree with the parties that the trial court erred in assessing these costs against appellant for both offenses.").

Here, appellant was assessed court costs in each of the causes that were resolved before the trial court. Therefore, we conclude that the trial court erred by assessing court costs and fees twice against appellant. *See* Tex. Code Crim. Proc. Ann. art 102.073(a).

Appellant was convicted of a first-degree felony in trial cause 1596829 (appellate cause 14-22-00495-CR), and of a second-degree felony in trial cause 1596830 (appellate cause 14-22-00496-CR). Accordingly, we modify the trial court's judgment in trial cause 1596830 and appellate cause 14-22-00496-CR by reducing the amount of court costs and fees assessed in that cause to zero. *See id.* art. 102.073(b).

9

We sustain appellant's sixth issue.

## VI.    BILLS OF COSTS

In his fifth issue, appellant argues that the $1,000.00 fines should be deleted from the bills of costs. The State argues that we lack the authority to correct "miscellaneous documents in the appellate record" and that our authority is limited to reviewing the judgment.

Our appellate jurisdiction in this case is triggered by the timely filing of a sufficient notice of appeal from the judgments of conviction. *See* Tex. R. App. P. 25.2(b); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Further, when an individual is convicted in district court, like appellant here, "a cost is not payable by the person charged with the cost until a written bill containing the items of cost is: (1) produced; (2) signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost; and (3) provided to the person charged with the cost." Tex. Code Crim. Proc. Ann. art. 103.001(b). "Court costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011). "If a criminal action or proceeding . . . is appealed, an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." Tex. Code Crim. Proc. Ann. art. 103.006; *see* Tex. R. App. P. 34.5(c).

Because the bill of costs obligates appellant to pay the items listed, we reject the State's argument that we are without jurisdiction to modify the bills of cost in this case.[5] *See* Tex. Code Crim. Proc. Ann. art. 103.001(b); *see also Thomas v.*

---

[5] A criminal defendant can also seek correction of an error in costs by moving to correct costs in the trial court. *See* Tex. Code Crim. Proc. Ann. art. 103.008(a).

*State*, 445 S.W.3d 288, 292 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("Judgment may assess costs, but ultimately, in any post-judgment civil proceeding to collect costs, a bill of costs meeting statutory requirements of article 103.001 is required."); *Johnson v. State*, 389 S.W.3d 513, 516 (Tex. App.—Houston [14th Dist.] 2012) (concluding that challenge to the court costs assessed in judgment was ripe even without the filing of a bill of costs), *aff'd as modified*, 423 S.W.3d 385 (Tex. Crim. App. 2014). And because we previously concluded that the trial court erred in assessing the $1,000.00 fines in its judgments, we conclude that it was error to include the fines in the bills of costs. *See Anastassov v. State*, 664 S.W.3d 815, 823 (Tex. Crim. App. 2022) ("A fine is not a court cost or fee; it is part of the punishment."); *see also Roberts v. State*, No. 01-20-00226-CR, 2021 WL 497306, at *7 (Tex. App.—Houston [1st Dist.] Feb. 11, 2021, no pet.) (mem. op., not designated for publication) ("Because a fine is punitive and cannot be included in the bill of costs, we sustain appellant's sixth issue and delete the fine from the *Amended Bill of Costs* in cause numbers 18,035 and 18,423.").

We sustain appellant's fifth issue and delete the $1,000.00 fines listed in both bills of costs.

## VII.  ABILITY-TO-PAY INQUIRY

In his seventh issue, appellant argues the trial court erred by not conducting an inquiry into his ability to pay on the record.

The Texas Code of Criminal Procedure states:

(a-1) Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), *a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs*. If the court determines that the defendant

11

does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be:

> (1) subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals;

> (2) discharged by performing community service under, as applicable, Article 43.09(f), Article 45.049, Article 45.0492, as added by Chapter 227 (H.B. 350), Acts of the 82nd Legislature, Regular Session, 2011, or Article 45.0492, as added by Chapter 777 (H.B. 1964), Acts of the 82nd Legislature, Regular Session, 2011;

> (3) waived in full or in part under Article 43.091 or 45.0491; or

> (4) satisfied through any combination of methods under Subdivisions (1)-(3).

Tex. Code Crim. Proc. Ann. art. 42.15 (emphasis added).

The relief requested by appellant is that we remand the case for the trial court to conduct this inquiry on the record and examine appellants' ability to pay the proper amount of court costs owed, but appellant does not argue that he was harmed or that the trial court erred in assessing the amount of court costs based on his indigency. *See* Tex. R. App. P. 38.1(i); *see also Palacios v. State*, No. 01-18-00368-CR, 2019 WL 3418509, at *3 (Tex. App.—Houston [1st Dist.] July 30, 2019, pet. ref'd) (mem. op., not designated for publication) ("[S]everal courts of appeals have held that indigence does not preclude the recovery of statutory court costs, so long as they are not required to be paid in advance.").

Here, the trial court did not conduct an ability-to-pay inquiry on the record, but the record includes an order that states that the trial court conducted a hearing and found appellant indigent on June 24, 2022. Further, the result of an ability-to-pay inquiry finding appellant indigent is already apparent in the record because the trial court ordered appellant to pay or make arrangements to pay court costs and fees upon his release from confinement. *See* Tex. Code Crim. Proc. Ann. art.

12

42.15(a-1)(1). On appeal, appellant does not challenge this order in either of the trial court's judgments; therefore, remand for an ability to pay inquiry would amount to an unnecessary exercise and a waste of judicial resources. *See Sloan v. State*, 676 S.W.3d 240, 241–42 (Tex. App.—Tyler 2023, no pet.); *see also Lopez v. State*, No. 01-22-00047-CR, 2024 WL 86412, at *5 (Tex. App.—Houston [1st Dist.] Jan. 9, 2024, no pet. h.) (mem. op., not designated for publication) (rejecting appellant's request to remand for an inquiry into his ability to pay).

We overrule appellant's seventh issue.

## VIII. ADMONISHMENT CONCERNING INABILITY TO POSSESS FIREARMS

In his eighth issue, appellant argues the case should be remanded for the trial court to orally admonish him that his conviction makes it unlawful for him to possess a firearm. In support, appellant cites § 176.1 of the Texas Administrative Code, which provides in relevant part:

> (b) When a person, by entry of an order or judgment, becomes by state law ineligible to possess a firearm or ammunition, the trial court must inform that person of the person's ineligibility to possess a firearm or ammunition.
>
> > (1) If the person is appearing before the court when the person is or becomes ineligible, the court must:
> >
> > > (A) *orally admonish the person*, in a manner the person can understand, that the person is ineligible to possess a firearm or ammunition; and
> > >
> > > (B) provide the person with a written admonishment informing that person of the person's ineligibility to possess a firearm or ammunition.
> >
> > (2) If the person is not appearing before the court when the person is or becomes ineligible, the court must provide the person, by a method reasonably likely to provide notice to the person, with a written admonishment informing that person of the person's ineligibility to possess a firearm or ammunition.

1 Tex. Admin. Code § 176.1(b) (emphasis added).

Appellant was given the following written admonishment:

In accordance with Texas Administrative Code §176.1, the Court hereby admonishes you of the following:

1. You are, by entry of order or judgment, ineligible under Texas law to possess a firearm or ammunition.

2. Beginning now, if you possess a firearm or ammunition it could lead to charges against you. If you have questions about how long you will be ineligible to possess a firearm or ammunition, you should consult an attorne

Appellant does not argue that he was unable to understand or did not understand the written admonishment given by the trial court. Appellant also does not argue that he was harmed by the trial court's failure to orally admonish him of this consequence or that § 176.1 creates an enforceable right. *See* Tex. R. App. P. 38.1(i), 44.2; *see also Clifton v. State*, No. 01-22-00641-CR, 2023 WL 5437181, at *24–25 (Tex. App.—Houston [1st Dist.] Aug. 24, 2023, pet. ref'd) (mem. op., not designated for publication) ("Even assuming, without deciding, that Section 176.1 of the Texas Administrative Code creates an enforceable right, and that the trial court erred by failing to admonish Clifton orally of his rights as a convicted felon under Section 176.1, . . . we cannot reverse on either basis unless Clifton was harmed by the error."). Appellant simply states without citation to authority that we should remand to the trial court to give appellant this oral admonishment.

Because appellant does not make any of these contentions, remand for the trial court to orally admonish him would amount to an unnecessary exercise and a waste of judicial resources because he has received the admonishment in writing, and thus, the error, if any, is harmless. *See* Tex. R. App. P. 44.2; *Wilson v. State*, 473 S.W.3d 8898, 901 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (holding that appellant waived issue when he failed to argue that he was harmed by the

14

alleged error); *see also Clifton*, 2023 WL 5437181 at *25 ("Clifton neither argues he was harmed by the trial court's failure to admonish him orally . . . , nor does he assert that these alleged errors fit one of the very narrow exceptions that are immune from the harmless error analysis. Clifton thus waived these issues due to inadequate briefing.").

We overrule appellant's eighth issue.

## IX. ADMONISHMENT CONCERNING INABILITY TO POSSESS AMMUNITION

In his ninth issue, appellant argues that the written admonition noted above was incorrect because it informed him that he is unable to possess ammunition and there is "nothing in the Texas statutes that prohibits a convicted felon from possessing ammunition."

Appellant again asks this court to remand for the trial court to orally admonish him that Texas law prohibits his possession of firearms, not ammunition. Appellant again does not argue that he was harmed by the alleged error or that the error fits one of the narrow exceptions to the harmless error analysis. *See* Tex. R. App. P. 38.1(i), 44.2. Furthermore, federal law prohibits convicted felons from possessing both firearms and ammunition. *See* 18 U.S.C. 922(g) ("It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."). We conclude that the alleged error was harmless and overrule appellant's ninth issue. *See* Tex. R. App. P. 38.1(i), 44.2.

## X. MODIFICATIONS TO THE JUDGMENTS

In his tenth issue, appellant argues that the reasons in both judgments for the

trial court's findings that appellant violated the conditions of his community are incorrect. Appellant asks that we modify the judgments to reflect the correct reasons for the findings by the trial court. In his eleventh issue, appellant argues that the judgments should be reformed to show he pleaded not true to the State's allegations in the motion to adjudicate. We will address these issues together.

The State's live motion to adjudicate guilt alleged that appellant violated the conditions of his community supervision by:

> **1.0** The State would further show the said Defendant did then and there violate terms and conditions of Community Supervision by: Committing an offense against the State of Texas, to-wit; on or about October 11, 2020, in Harris County, State of Texas, Dante Jones, hereafter styled the Defendant, did then and there unlawfully commit the criminal offense of Sexual Assault of an Adult by intentionally and knowingly cause the penetration of the sexual organ of T.S., hereinafter called the Complainant, by placing the Defendant 's finger in the sexual organ of the Complainant, without the consent of the Complainant, namely the Complainant had not consented and the Defendant knew that the Complainant was unconscious and physically unable to resist.

> **1.0** The State would further show the said Defendant did then and there violate terms and conditions of Community Supervision by: Committing an offense against the State of Texas, to-wit; on or about October 11, 2020, in Harris County, State of Texas, Dante Jones, hereafter styled the Defendant, did then and there unlawfully commit the criminal offense of Sexual Assault of an Adult by intentionally and knowingly cause the penetration of the sexual organ of T.S., hereinafter called the Complainant, by placing the Defendant's finger in the sexual organ of the Complainant, without the consent of the Complainant, namely the Complainant had not consented and the Defendant knew the Complainant was unaware that the sexual assault was occurring.

> At the end of the adjudication proceeding, the trial court stated:

> The Court finds that in Cause No. 1596830 that the State proved by preponderance of the evidence that Mr. Jones violated the 1.0 first;

16

paragraph; 1.0, the second paragraph. And that the State did not prove 1.0, the third paragraph, and then the others that were abandoned.

The trial court stated the same as to trial cause 1596829. However, the trial court's judgments state that appellant violated the conditions of his community supervision by (1) committing an offense against the State of Texas on or about November 8, 2020; and (2) failing to pay supervision fees. Accordingly, we modify the trial court's judgments to reflect the correct date of the offense found by the trial court and to delete the alleged violation of his failure to pay supervision fees, which the State abandoned. *See French v. State*, 830 S.W.3d 607, 609 (Tex. Crim. App. 1992) (stating that "an appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source"); *Carmona v. State*, 610 S.W.3d 611, 618 (Tex. App.—Houston [14th Dist.] 2020, no pet.) ("This court has the power to modify the judgment of the court below to make the record speak the truth if the matter has been called to this court's attention by any source and if this court has the necessary information to do so."); *see also* Tex. R. App. P. 43.2(b) (stating that courts of appeals may "modify the trial court's judgment and affirm it as modified").

The State argues that it would be improper for us to modify the judgments because we are without authority to do so, and it points to Texas Rules of Appellate Procedure 44.2(b). Rule 44.2, titled "Reversible Error in Criminal Cases," states:

(a) *Constitutional Error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

(b) *Other Errors.* Any other error, defect, irregularity, or variance that

17

does not affect substantial rights must be disregarded.

Tex. R. App. P. 44.2(a)–(b).

The State references the language in section (b) and avers that we must ignore these alleged errors in the judgments because appellant has not argued or shown that they affect his substantial rights. Contrary to the State's argument, Rule 44.2 is not applicable here because we are not reversing the trial court's judgment; we are modifying it to speak the truth. *See Carmona*, 610 S.W.3d at 618 ("If a judgment and sentence improperly reflect the findings of the jury, it is proper for this court to modify the judgment to reflect the truth."); *see also Ex Parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) (stating that the trial court's failure to make a proper entry in the judgment of an affirmative finding "was not an error of judicial reasoning but rather an error of clerical nature"). Thus, we reject the State's argument.

We sustain appellant's tenth and eleventh issues.

## XI.   CALCULATION OF JAIL-TIME CREDIT

In his twelfth issue, appellant argues that we should remand for the trial court to detail how the 414 days of jail credit noted in the judgments is to be credited between incarceration, fines, and costs.

Here, the judgments show that appellant has a total jail time credit of 414 days. Appellant does not argue that the time credit is incorrect; he argues that he is left without guidance as to how divide it between incarceration, fines, and costs.

The Texas Code of Criminal Procedure provides in relevant part:

> In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent . . . in jail for the case . . . excluding confinement served

as a condition of community supervision, from the time of his
arrest and confinement until his sentence by the trial court[.]

Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a). Thus, contrary to appellant's arguments, the Code of Criminal procedure provides guidance on how he is to receive credit for the time he has spent in jail. *See id.*

We overrule appellant's twelfth issue.

## XII. INSTRUCTION ON FELONY CONVICTIONS' IMPACT ON RIGHT TO VOTE

In his thirteenth issue, appellant argues that the trial court failed to instruct him that his felony convictions will impair his right to vote. Appellant also argues that "neither of the two written judgments contain an affirmative finding that [appellant] committed a felony."

Article 42.0194 of the Code of Criminal Procedure states:

In the trial of a felony offense, if the defendant is adjudged guilty of the offense, the court shall:

(1) make an affirmative finding that the person has been found guilty of a felony and enter the affirmative finding in the judgment of the case; and

(2) instruct the defendant regarding how the felony conviction will impact the defendant's right to vote in this state.

Tex. Code Crim. Pro. Ann. art. 42.0194.

Here, the trial court's judgments reflect that appellant is guilty of a first-degree felony and a second-degree felony. Appellant does not address this language in the judgments on appeal. *See* Tex. R. App. P. 38.1(i). Nor did appellant lodge an objection to the language in the judgments at the trial court. *See* Tex. R. App. P. 33.1. Therefore, we reject appellant's argument that the judgments do not contain "an affirmative finding" that he was found guilty of felonies.

As to the instruction on appellant's right to vote, appellant does not argue

19

that he has been harmed or that he is unaware of the impact that his felony convictions will have on his right to vote in Texas. Appellant also does not argue that this alleged error is excepted from the harmless-error analysis. Thus, we reject appellant's argument that we must remand for the trial court to instruct him on this matter.

We overrule appellant's thirteenth issue.

## XIII.   CONCLUSION

We modify both of the trial court's judgments: to note that appellant pleaded not true to the State's enhancement allegations; to remove the $1,000.00 fines; to reflect that the date for the offense the trial court found appellant committed in violation of his conditions of community supervision was October 11, 2020; and to remove the findings that appellant failed to pay supervision fees as directed. We also delete the bill of costs in appellate cause number 14-22-00496-CR. We affirm the judgments as modified.

/s/     Margaret "Meg" Poissant
Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.

Publish—Tex. R. App. P. 47.2(b).